CECIL L. WILLIAMS *v*. STATE OF INDIANA.

[No. 870S173. Filed June 29, 1973.]

*Andrew H. Wright,* of Salem, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert R. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was charged by affidavit with the crime of forcible rape. He was tried by jury in the Washington Circuit Court before the Honorable Charles Ratts. On January 27, 1970, the jury returned a verdict of guilty as charged, and thereafter the Appellant was sentenced to imprisonment in the Indiana State Reformatory for a period of not less than two nor more than twenty-one years and was ordered to pay the costs of the proceedings. On February 13, 1970, the Appellant filed a Motion for New Trial. This appeal arises from the denial of that motion. We have jurisdiction of this appeal, which would otherwise be in the Court of Appeals, for the reason that Appellant's original appellate counsel was unable to prosecute the appeal due to illness, and Appellant was granted leave to proceed under Post Conviction Remedy Rule 2 (B) on September 29, 1970. In the interim, Appellant's

present counsel was appointed and this court reinstated the original order granting leave on March 12, 1973.

The Appellant presents three issues for review which are as follows:

1. Whether the partially corroborated testimony of the prosecutrix was sufficient to prove the Appellant's guilt beyond a reasonable doubt.

2. Whether the admission of testimony by the Washington County Sheriff to the effect that he had arrested Appellant at the Cook County, Illinois, jail constitutes reversible error.

3. Whether the admission of testimony regarding certain activities of the Appellant prior to the alleged offense constitutes reversible error.

When the sufficiency of evidence is raised on appeal, this court will neither weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom will be considered, and if, from that viewpoint, there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Dunn* v. *State* (1973), 260 Ind. 142, 293 N. E. 2d 32; *Lee* v. *State* (1972), 259 Ind. 301, 286 N. E. 2d 840; *Capps* v. *State* (1972), 258 Ind. 565, 282 N. E. 2d 833. The evidence most favorable to the Appellee discloses the following facts.

In the very early morning hours of June 19, 1968, the Appellant drove his automobile to the home of Mr. and Mrs. Laurel Nicholson which was located on a small farm near Salem, Indiana. He briefly spoke with Mr. Nicholson who was just leaving for work. The two men left simultaneously in separate vehicles; however, the Appellant returned without his automobile a short time later and told the prosecutrix that he needed to seek help to get his car out of a nearby lane. The prosecutrix refused to assist him in any way, and was holding a rifle as they discussed the matter at her locked screen door. The defendant told her that he meant her

no harm and only wanted her help with the car. He said he knew her husband very well, and told her she had a pretty garden. The prosecutrix testified that he talked "real nice" and did not act "flirty or anything like that." Believing that he really needed help badly since he said he needed to get his car out of the lane so he could go to work, the prosecutrix finally decided to drive him to her brother-in-law's house to obtain help. She placed her two children in the front seat between her and the Appellant, and began to drive down the lane. After she had gone a short distance, the Appellant told her to pull over. The prosecutrix refused, saying that she was just going to get help for him. The Appellant then "tromped on the brake, grabbed the steering wheel, and jerked the key out of the ignition." The prosecutrix began to blow the horn, but the Appellant succeeded in dragging her out of the car while her children screamed. He threw her down on the ground near the car, tore her blouse and jerked her shorts down while she was "scratching and slapping him." The prosecutrix testified that the Appellant penetrated her sexually. Shortly thereafter, the prosecutrix was able to free herself, find the car keys on the ground near the car, and drive to the Sheriff's office to report the incident.

The Appellant first contends that the partially corroborated testimony of the prosecutrix was not sufficient to sustain his conviction for the offense of rape. It is true that the only evidence regarding every material element of the crime of rape was introduced by way of the testimony of the prosecutrix. The testimony of the prosecutrix was sufficient to establish that she had been forcibly raped by the Appellant against her will. The uncorroborated testimony of the victim of a rape, alone, is sufficient evidence to support the conviction of one so charged. *Yeary* v. *State* (1971), 257 Ind. 159, 273 N. E. 2d 96; *Wilhoite* v. *State* (1971), 255 Ind. 599, 266 N. E. 2d 23; *Douglas* v. *State* (1970), 254 Ind. 517, 261 N. E. 2d 567; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479. The Appellant also asserts that the victim's

testimony was inherently improbable. With this argument we cannot agree.

In the case at bar, the jury was entitled to believe the testimony of the prosecutrix and to conclude that the Appellant committed the rape. The witness' veracity and credibility are for the jury. *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649. This court cannot say that the judgment of the jury was one that could not be made by reasonable men. The uncontradicted testimony of the prosecutrix established every material element of the crime of forcible rape. In *Taylor* v. *State* (1972), 257 Ind. 664, 278 N. E. 2d 273, the uncorroborated testimony of the prosecutrix was that the defendant broke into her house and raped her, that her children were awakened, and that she told them that the defendant was a friend and that nothing was wrong. In addition, she said that after the rape, the defendant remained in the home briefly and talked with her and the children. This court found nothing "inherently improbable" about such testimony, and reaffirmed the well-settled principle that the matter of credibility and weight are the exclusive province of the jury. Appellant also asserts that this court should be guided by the maxim which states that the female's accusation of rape is easily made, difficult to prove, and often even more difficult to disprove. We agree with the statement made by Justice DeBruler, concurring in *Taylor* v. *State, supra:* "This phrase is nothing more nor less than an ambiguous slogan." *Id.* at 276.

Appellant's additional allegations of error are presented with absolutely no legal argument or citation of authority. Under Rule A.P. 8.3(A)(7), this court need not consider such matters, and they are deemed waived. The cases are uniformly in accord with this proposition. *Yeary* v. *State* (1971), 257 Ind. 159, 273 N. E. 2d 96; *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E. 2d 299. We cannot answer *bald assertions* of error that are not supported by legal

authority. To do so would be to encourage inadequate and poor work on the part of the attorney.

For the reasons stated, the judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported in 297 N. E. 2d 805.