JAMES ODIS HENDRIX *v.* STATE OF INDIANA.

[No. 574S96. Filed August 26, 1974. Rehearing denied November 27, 1974.]

*Paul J. Schwertley*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *John H. Meyers*, Deputy Attorney General, for appellee.

HUNTER, J.—This is a direct appeal from a conviction for first degree murder. Appellant raises the following issues for our consideration:

(1) Whether the evidence is sufficient to sustain the conviction;

(2) Whether the State failed to comply with court ordered discovery;

(3) Whether the prosecutor's closing argument was improper.

On appeal, this Court will not weigh the evidence nor determine the credibility of witnesses. We will consider only that evidence most favorable to the State and the inferences therefrom which will reasonably support the conviction.

The facts most favorable to the State disclose that on April 19, 1973, the appellant walked into a liquor store and observed a customer talking to the appellant's girl friend. The appellant drew a revolver and threatened the customer. At that time, another customer, the murder victim, walked to the exit. The appellant turned his gun on the victim and admonished him to remain within the establishment: "Ain't no m . . . . r f . . . . r going out of here before I do." The victim, neverthe-

less, left the building and walked to his car. The appellant followed, had words with the victim, then fired at close range. After being wounded, the victim reached under his car seat for a weapon, fired at the appellant, and the appellant returned the fire killing the victim.

Appellant's first contention is that the State's proof fails on the essential element of malice. However, it is well settled that the trier of fact may reasonably infer malice from the appellant's intentional use of a deadly weapon. *Aubrey* v. *State* (1974), 261 Ind. 531, 307 N.E.2d 67. Likewise, appellant's contention that a substantial amount of time must pass between the formation of the intent to kill and the homicidal act in order to prove premeditation is contrary to law. Premeditation need not continue over any protracted time period. The lapse between formation of the *mens rea* and the *actus reus* may be as instantaneous as successive thoughts. *Aubrey* v. *State, supra.*

In addition, the record contains abundant testimony that appellant was the aggressor in the shooting incident. Such evidence was sufficient to prove the absence of appellant's claim of self-defense. The jury resolved the question in the State's favor, and we will not disturb that judgment here. *Nelson* v. *State* (1972), 259 Ind. 339, 287 N.E.2d 336.

Appellant's contention that the State failed to comply with court ordered discovery is meritless, because the record discloses that the trial court did not grant discovery under the specification at issue. Further, appellant presents no citation of authorities to support his contention that the trial court improperly overruled an objection to the testimony of one of the State's rebuttal witnesses. This alleged error is therefore waived. AP. 8.3(A)(7).

During the State's closing argument, the prosecutor made these remarks (in referring to appellant):

"If you look back on his prior history, he admitted that he was convicted in California of assault with a deadly weapon.
"If you listen to the other evidence where he was acquitted

of a charge because the victim in that case not being there to testify, it is pretty hard to get a conviction if you don't have a witness there; but he admitted that he had shot somebody before."

Appellant's assertion that the closing argument reveals prosecutorial misconduct fails for two reasons. First, appellant never objected to the closing argument at trial. Thus, no error has been preserved on appeal. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. Yet, even as we choose to examine the merits of appellant's claim, his assertion still fails. The record discloses that the prosecutor was referring to the direct testimony of appellant. Therefore, such comment was patently proper.

The judgment of the trial court is hereby affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur.

DeBruler, J., concurs in result.

NOTE.—Reported at 315 N.E.2d 701.