**Ronnie ABRAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 479S114.**

Supreme Court of Indiana.

May 2, 1980.

346

Peter L. Benjamin, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Ronnie Abrams, was convicted by a jury of second-degree murder, Ind.Code § 35-1-54-1 (Burns 1975), and felony murder, Ind.Code § 35-13-4-1 (Burns 1975). He was sentenced to life imprisonment on the second count with sentencing withheld on the second-degree murder conviction. He now appeals raising the following issues:

1. Whether the evidence was sufficient to support the verdicts;

2. Whether the court erred in reading an accessory instruction to the jury;

3. Whether the two verdicts were inconsistent and therefore indicated confusion on the part of the jurors rendering them unable to afford defendant a fair trial; and

4. Whether the court erred in denying defendant's motion for mistrial made after an allegedly prejudicial comment of the prosecuting attorney.

A summary of the facts from the record most favorable to the state shows that three young men, one of whom was defendant, got into a car with the victim in front of her house early in the evening of August 17, 1977. Although there were conflicting stories given at trial by defendant and one of the other participants, it appears that the victim was taken to a park and raped several times. She was shot by both defendant and one other participant and her body was found in the park the next morning.

## I.

■ Defendant's first allegation of error as originally stated in his Motion to Correct Errors is that the verdict of the jury is not supported by sufficient evidence upon all the elements of the charged offenses. However, he has not presented any argument on this issue and has failed to cite any legal authority in support of it. We have often held that arguments in appellate briefs must be discernible and cogent and must demonstrate how the alleged error harmed defendant. *Guardiola v. State*, (1978) Ind., 375 N.E.2d 1105; *Williams v. State*, (1973) 260 Ind. 543, 297 N.E.2d 805. These arguments must also be supported by appropriate legal authority according to our appellate rules, and noncompliance with the rules can result in the waiver of errors on review. Ind.R.App.P. 8.3(A)(7); *Guardiola v. State, supra; Hendrix v. State*, (1974) 262 Ind. 309, 315 N.E.2d 701. Since there is no argument or legal authority in support of this issue, the issue is not properly presented to us and is therefore not before us for decision.

## II.

■ Defendant also contends that it was erroneous for the court to give an instruction on being an accessory since he was charged as a principal in the perpetration of the crimes. However, it is well settled that a defendant may be charged as a principal and convicted on evidence that he aided in the commission of the crime and that in the presence of evidence to support it an instruction on aiding and abetting is proper. *Doss v. State*, (1971) 256 Ind. 174, 267 N.E.2d 385. In the instant case, three men participated in the crime, and there was conflicting evidence as to whether defendant actually fired one of the fatal shots. There was no error in giving this instruction.

## III.

■ Defendant next contends that the two verdicts of second-degree murder and felony murder are inconsistent with each other and indicate that the jury was confused and did not understand the court's instructions. Defendant was charged with first-degree murder which under the law in effect at that time meant that the killing must be done purposely and maliciously with premeditation. Defendant was not found guilty on that charge, but was found guilty of second-degree murder which meant the jury found that defendant had killed the victim purposely and maliciously but without premeditation.

This does not conflict with the charge on Count II which was a charge of felony murder. The statute in effect at that time provided:

"Whoever kills a human being . . . while perpetrating or attempting to perpetrate rape, arson, robbery, or burglary is guilty of murder in the first degree and, on conviction, shall be imprisoned in the state prison during life . . .." Ind.Code § 35-13-4-1 (Burns 1975).

In finding defendant guilty on Count II, the jury found that he had killed the victim while perpetrating, or attempting to perpetrate, rape. There is no requirement of premeditation on this count, so no inconsistency has been shown.

In fact, since the jury's verdicts involved a lesser included offense of one of the charged offenses, it is apparent that the jury understood the court's instructions and was able to apply them to the evidence without confusion. Convictions on counts of both second-degree murder and felony murder for one killing have not been questioned in similar cases affirmed by this court as long as sentencing was properly

pronounced on only one of the counts as was true in this case. *Gutierrez v. State*, (1979) Ind., 386 N.E.2d 1207; *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645.

## IV.

Defendant finally contends that the trial court erred in denying his motion for mistrial made after the prosecutor made an allegedly improper remark before the cross-examination of defendant. After defendant's direct examination, the prosecutor commented, "That's quite some story." Defendant contends that this remark was particularly prejudicial since it was made right after defendant's version of the crime and encouraged the jury to give more weight to the inconsistencies which arose during cross-examination.

However, after defendant's objection to this remark and request for a mistrial, the trial court admonished the jury that this remark was improper and that they were to totally disregard it. This prompt admonishment was given by the trial judge who was in the best position to judge the effect of the remark. It is well settled that the granting of a mistrial lies within the sound discretion of the trial court and his determination will be reversed only where an abuse of that discretion can be established. *Blackburn v. State*, (1979) Ind., 390 N.E.2d 653; *Thompkins v. State*, (1978) Ind., 383 N.E.2d 347. Any error which may have been committed by the giving of the improper remark in the instant case was cured by the trial court's prompt admonishment to the jury. *Schalkle v. State*, (1979) Ind., 396 N.E.2d 384; *Clark v. State*, (1978) Ind., 380 N.E.2d 550. There was no abuse of discretion here.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.