Willie B. MANNING and Peter Eckrich
& Sons, Inc., Appellants
(Defendants Below)

v.

Betty ALLGOOD, Personal Representative
of the Estate of Eugene Allgood; Roy
Morris, Jr. and Mavis Morris, Appellees
(Plaintiffs Below).

No. 3–1078A250.

Court of Appeals of Indiana,
Third District.

Nov. 24, 1980.

John R. Wilks, Bonahoom, Chapman & McNellis, Fort Wayne, for appellants.

W. Scott Montross, Townsend, Hovde & Townsend, Indianapolis, for appellee Betty Allgood.

HOFFMAN, Judge.

On December 5, 1972, a multiple vehicular accident occurred on Interstate High-

way 69, resulting in the death of Eugene Allgood. Following a trial by jury, the court ordered that the plaintiff, Betty Allgood, personal representative of the estate of Eugene Allgood, recover from the defendants, Willie B. Manning and Peter Eckrich & Sons, Inc. the sum of $300,000. The defendants, Manning and Eckrich, now appeal that decision, raising for review ten assignments of error.

The defendants first allege the trial court erred in its procedure in ruling on certain motions prior to, during and after the trial of this cause. Specifically, issue is taken regarding the lack of a hearing or any findings of fact on four motions: the defendants' first motion for partial summary judgment, the second motion for partial summary judgment, the motion for judgment on the evidence, and the motion in limine. No cases have been cited by the defendants in support of this argument as required by Ind. Rules of Procedure, Appellate Rule 8.3. Prejudice is allegedly created in that the failure of the trial court to inform the defendants of the reasons for the denials of their motions precluded the defendants from filing additional motions and pleadings.

■ Initially, it is noted that the two motions for partial summary judgment were virtually identical in legal arguments. The docket sheet in this cause shows that a hearing was held on the first motion and the argument of counsel was heard. No hearing was necessary on the second motion since it presented no new issues to the court for review. As to the remaining two motions, the defendants never requested that oral hearings be held. They will not now be heard to complain of this lost opportunity when no request was ever presented to the trial court. In addition, Ind. Rules of Procedure, Trial Rule 73(A) permits the court to dispense with oral hearings in an effort to expedite its business.

■ Regarding the lack of findings, the general rule is that special findings are necessary when a partial summary judgment is granted so that the court on appeal can understand which issues remain in dispute. *Harris v. Young Women's Christian Assn. of Terre Haute* (1968), 250 Ind. 491, 237 N.E.2d 242; *Equitable Life Assur. Society of U. S. v. Crowe* (1976), Ind.App., 354 N.E.2d 772. In this case, the motions for partial summary judgment were denied and therefore, the parties may reasonably assume that all issues remained in dispute. This position does not prejudice the rights of the defendants. For the motion in limine and the motion for judgment on the evidence, no findings are necessary. Thus, no error has been preserved for review by this Court and no defect is found in the procedures employed by the trial court.

■ The second assignment of error charges an irregularity occurred in the presentation by the plaintiff of selected portions of depositions to the jury. Ind. Rules of Procedure, Trial Rule 32(A)(4) states:

"If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

During the plaintiff's presentation of her case-in-chief, portions of two depositions were read into evidence. Defense counsel objected to this method of proceeding and requested that the plaintiff be required to read the depositions in full. The court overruled the objection but permitted the defendants to read the entire depositions during their presentation of the case. One of the depositions was 131 pages in length and the other was 92 pages.

Defendants contend that the plaintiff's presentation was made "in such a way that the testimony was nearly fabricated." Plaintiff responded that "counsel took two voluminous, unwieldy and disjointed depositions and carefully, fairly, and honorably made the testimony of the deponents clear, concise and understandable." A close review of the record, including the full depositions, discloses that the presentation of the evidence was fair. Counsel for the plaintiff attempted to place the deponents' statements in chronological order so the

jury could better understand the sequence of events. Defense counsel's strong accusations against the plaintiff's presentation are unwarranted. It should be noted that TR. 32 requires only that relevant portions of the depositions be introduced. It does not require the entire document, as the defendants contend. The case of *Westinghouse Electric Corp. v. Wray Equipment Corp.* (1st Cir. 1961) 286 F.2d 491, at 494 states:

"The rule provides a method for averting, so far as possible, any misimpressions from selective use of deposition testimony. The opposing party is entitled under the rule to have the context of any statement, or any qualifications made as a part of the deponent's testimony also put into evidence. We believe that the spirit of the rule dictates that the opposing party should be able to require the introduction of the *relevant* parts of the deposition testimony at least at the conclusion of the reading of the deposition." [Emphasis added]

The proceedings in the present case are entirely consistent with the *Westinghouse* guidelines. No misimpression was created by the plaintiff's presentation. In fact, a more orderly and logical statement of the evidence resulted from the plaintiff's organization. Furthermore, the defendants in the present case requested the admission of the *entire* deposition, not just the relevant portions thereof. The trial court correctly concluded that this would be unnecessarily disruptive to the plaintiff's case. No error occurred.

■ The third assignment of error charges that plaintiff's attorney made a prejudicial final argument. Again, the appellants have failed to cite any authority in support of their contention.

The substance of the disputed portion of the argument refers to certain facts from which one could infer negligence by the defendant Manning in the first collision which disabled his vehicle. The issue of negligence as related to that incident had been withdrawn from the jury's consideration by a prior court ruling. Plaintiff's attorney responds that these facts were mentioned for the sole purpose of rebutting the defendants' allegation that the deceased plaintiff Allgood was contributorily negligent. Upon the defendants' objection, the trial court inquired as to the purpose of the argument, decided it was within the issues of the case, and overruled the objection. No error has been demonstrated by the defendants.

■ The appellants next object to the procedure used in the selection and giving of final instructions to the jury. Prior to the close of the evidence, a lengthy and detailed conference was held to discuss the instructions to the jury. At that time, both parties were given the opportunity to tender instructions, object to instructions and argue the issues. Both parties fully participated in this conference. For the convenience of the court and to expedite the case, actual dictation of the previously-lodged objections did not take place until after the jury had commenced deliberations. Ind. Rules of Procedure, Trial Rule 51(C) states:

"... No party may claim as error the giving of an instruction unless he object thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection...."

Defendants now submit that reversible error occurred because objections were not made *on the record* prior to the retirement of the jury. The same situation occurred in the case of *Piwowar v. Washington Lumber & Coal Co.* (1980), Ind.App., 405 N.E.2d 576 in which this Court ruled that, although the method employed was not the preferred procedure, it did not create reversible error. The purpose of TR. 51 is to guarantee counsel the opportunity to make timely objections and to advise both the trial court and the adverse party of the basis for the objection so as to afford the opportunity to correct any error at the trial court level. *Murphy, Admx. v. Ind. Harbour Belt Railroad* (1972), 154 Ind.App. 103, at 118, 289 N.E.2d 167, at 177. So long as this purpose is fulfilled, the technical failure to formally record those objections prior to the retire-

ment of the jury does not create error of sufficient magnitude to require a reversal. In the case at hand, no rights of the defendants were lost or compromised by this procedure. The defendants acquiesced in the use of this procedure and did not request a court reporter during the conference on instructions, nor did they offer their objections in open court prior to the charge to the jury. Thus, the defendants have failed to demonstrate reversible error.[1]

■ This discussion must now turn to the defendants' fifth allegation of error which states that the trial court erred in its failure to give the preliminary instructions tendered by the defendants–appellants. After relating all of the tendered preliminary instructions and all of the instructions which the court gave, the defendants present barely more than a page of actual argument which is devoid of any citations to authority. This presentation is insufficient to preserve error for review by this Court. As stated by the Supreme Court in *Abrams v. State* (1980), Ind., 403 N.E.2d 345, at 347:

"... We have often held that arguments in appellate briefs must be discernible and cogent and must demonstrate how the alleged error harmed defendant. *Guardiola v. State*, (1978) Ind., 375 N.E.2d 1105; *Williams v. State*, (1973) 260 Ind. 543, 297 N.E.2d 805. These arguments must also be supported by appropriate legal authority according to our appellate rules, and noncompliance with the rules can result in the waiver of errors on review. Ind.R.App.P. 8.3(A)(7); *Guardiola v. State, supra; Hendrix v. State*, (1974) 262 Ind. 309, 315 N.E.2d 701. Since there is no argument or legal authority in support of this issue, the issue is not properly presented to us and is therefore not before us for decision."

A mere statement that a requested instruction correctly states the law and that certain other instructions are insufficient does not adequately preserve error. *Gilmore v. State* (1951), 229 Ind. 359, 98 N.E.2d 677.

Therefore, any possible error concerning the preliminary instructions has been waived.

Error is next alleged in the final instructions to the jury. The defendants tendered 26 instructions, all of which were refused by the court. In challenging this action by the court, the defendants in their brief, recite all 26 tendered instructions and then make a one–sentence argument which reads:

"Those Instructions and each of them are a true and correct statement of the law and it is contended herein that it was error for the Court not to permit these Instructions."

As discussed previously in this opinion, this method of appellate procedure is insufficient to preserve error for review by this Court. Thus, any issue is waived concerning defendants' tendered instructions.

The defendants also attack fourteen of the instructions which were given by the court. A brief general argument contends the instructions were slanted in favor of the plaintiff, emphasized the negligence of the defendants and deprived the defendants of their right to a fair and impartial trial. No attempt is made by the defendants to explain how or where these problems exist. Only three instructions are individually addressed and only those will be discussed here.

■ Instruction No. 21 is, allegedly, ambiguous due to a typographical error or due to a misstatement of the law. That instruction is, verbatim, as follows:

"Where there is original wrongful act of defendant and intervening act of a third party, fundamental test in determining defendant's liability for his wrongful act is test of foreseeability."

The terms "intervening act" and "forseeability" were discussed and defined by the court in other instructions. Although the adjective articles, a, an, and the, could be added to this instruction to make it read more easily, the lack thereof does not create an ambiguity. The defendants have failed

---

1. To the extent that the case of *Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606, holds to the contrary, it is erroneous.

to argue the legal defect which they allege is contained in this instruction.

▉ The defendants also contest the Court's Instruction No. 37A, which states: "There has been introduced in evidence as an exhibit an agreement entitled 'Covenant Not to Sue' signed by plaintiff, Betty Allgood, as Administratrix of the Estate of Eugene Allgood. You may consider this agreement in determining whether the sums paid by the terms of the agreement were in full or partial settlement of the claims of Betty Allgood and may be taken into consideration in making your award, if any be made." The case of *Lows v. Warfield* (1971), 149 Ind.App. 569, 274 N.E.2d 553 is cited for the proposition that "it is the law of the State of Indiana that it is a question for the jury to determine whether or not the consideration given under a Covenant Not to Sue is full compensation for the alleged injuries sustained." The court's instruction clearly contains the concept of the *Lows* case and, therefore, no grounds for this objection exist. The jury was specifically instructed that it must determine whether or not the covenant not to sue was a full or partial settlement of the claims of the plaintiff. The instruction obviously fulfills the *Lows* requirements. The defendants do not expand or explain their argument on the inadequacy of the instruction. No error exists.

▉ The final instruction contested by the defendants concerned damages which could properly be awarded for the wrongful death of Eugene Allgood. The jury was permitted to consider the loss of his love and affection and the disposition and habits of the deceased as to whether he was sober, industrious and frugal. The defendants allege that the instruction allows speculation and consideration of matters which the court had excluded from the trial. An examination of the record refutes these assertions. An expert economic witness testified at length about the projected earning capacity of the deceased. The wife of the deceased, plaintiff Betty Allgood, described the habits and home life of her husband and discussed his relationship with his two sons.

She also testified as to his employment history and his spending habits. Sufficient evidence was presented to support the jury's consideration of these matters. In a pretrial order, the court properly excluded evidence about an unrelated criminal conviction of the deceased. Therefore, the jury was correctly instructed on the factors to consider in determining damages.

▉ The next assignment of error raised in this appeal declares that the trial court incorrectly denied the defendants' motion in limine and granted the plaintiff's motion in limine. The defendants' motion sought to exclude all evidence concerning Manning's first accident which disabled his vehicle. This first accident was the initial incident in a chain of events which culminated in the death of Eugene Allgood. The motion was properly denied, for granting it would have excluded relevant evidence.

It is incorrect to contend that the evidence leading up to the crash could not be material or relevant to the issues raised in the case. A multitude of facts relevant to the issues were gleaned from testimony which related to matters prior to the Manning vehicle coming to rest. The condition of the highway, as to whether it was wet or dry, was an issue upon which counsel was entitled to question Mr. Manning since it pertained to the entire occurrence. The icy conditions of the bridge and the ability of the Manning truck to stay under control were relevant issues in this case. The speed of the Manning truck as it entered the bridge pertained directly to the ability of that particular vehicle to negotiate the bridge in its condition fifteen minutes before the arrival of other vehicles. The fact that the Manning vehicle arguably was slowed down as a result of contact with 180 feet of guardrail was relevant to the ability of other vehicles to control themselves on that surface upon arriving at the bridge. The issue of Mr. Manning's credibility was raised as to the route that he took and the stops that he made. The nature of the crash, the force of the impact, and the effect it had on Willie Manning were all relevant to the critical issues of this case.

The condition of the cab after the crash, the accessibility of the warning devices inside the cab after the crash, the existence and locations of various safety devices as a result of the force of the impact–all of these were matters which were relevant. The jury was entitled to have these facts presented to it, not only as to the various issues involved but also so it could have a sufficient chronological awareness of the occurrences that morning. The trial court properly exercised its discretion in denying defendant–appellants' motion in limine.

■ Error is also alleged in the court's granting of the plaintiff's motion in limine. The defendants urge that they should have been permitted to introduce evidence showing the prior felony conviction of the deceased and the remarriage of the plaintiff following her husband's death. The defendants' contention must fail.

The right to object to this exclusion of evidence has been waived because the defendants failed to preserve any error on the record. As the Indiana Supreme Court stated in *Crosson v. State* (1978), Ind., 376 N.E.2d 1136, at 1140:

"However, it must be recommended that it is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of evidence. Rather, the purpose of the motion is to protect the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it to the jury, or presenting it to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself."

The defendants failed to offer this evidence within the context of the trial itself and, thus, the trial court was given no opportunity to make a final ruling on its admissibility. The purpose of a motion in limine is merely to prevent prejudical remarks from being made in the presence of the jury. *Burrus v. Silhavy* (1973), 155 Ind.App. 558, 293 N.E.2d 794. To preserve error for appeal, the trial court must rule on the evidence during the trial. Many events could occur during the course of the trial which

would cause the court to reconsider the ruling on the motion in limine and possibly decide to admit previously excluded evidence. Thus, the requirement of an offer during the trial is necessary. The defendants' failure to request the admission of the excluded evidence during the course of the trial waives this issue.

■ The eighth assignment of error disputes numerous rulings on the admissibility of evidence. Various parts of the testimony of ten witnesses were found objectionable by the defendants. In their brief, this argument consumes over 40 pages, the majority of which is a recitation of the objectionable testimony. During this entire presentation, the defendants do not cite a single case or any other authority to support their positions. This lack of compliance with the required appellate procedure creates a waiver by the defendants of any arguments pertaining to these evidentiary rulings.

The defendants next contest the denials of their two motions for partial summary judgment. The plaintiff responds that the defendants are not entitled to appellate review of a denial of summary judgment because a trial on the merits has occurred. The Civil Code Study Commission Comments on Ind.Rules of Procedure, Trial Rule 56(E), which may be found at 3 W. Harvey, *Indiana Practice* at 550 (1970) state:

"Generally speaking a denial of summary judgment cannot be considered or reviewed on appeal from a judgment rendered on a trial of the merits of the case."

Nevertheless, the specific language of TR. 56(E) clearly reads:

"Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered."

The language of the trial rule appears to follow appellate review in this situation while the Study Commission apparently determined review would be improper. No Indiana cases have been found in which the trial had occurred and the denial of the

818

summary judgment was raised in the motion to correct errors.

 Therefore, the clear meaning of the trial rule must take precedence and supersede the comments of the Study Commission. The denial of a summary judgment may be properly appealed to this Court following a trial on the merits and the entry of a final judgment.

 The substance of the motion for summary judgment asserted that the first collision, which disabled the defendants' vehicle and left it obstructing the roadway, was not the proximate cause of the accident which fatally injured Eugene Allgood. Defendants contend that the first accident merely created a condition and a subsequent intervening act caused the injury. In support of this contention, the case of *Slinkard v. Babb, Wilson* (1953), 125 Ind.App. 76, 112 N.E.2d 876 is cited.

" 'If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent, and the existence of the condition is not the cause of the injury.... An essential element of proximate cause is the requirement that the result must be such as might reasonably have been anticipated in the ordinary experience of men.' "

112 N.E.2d at 880.

The testimony at trial clearly showed that Manning did more than merely create a condition; he failed to warn on–coming vehicles of the existence of a dangerous situation when he knew that a vehicle entering the bridge, even at a reduced speed, would have no chance to stop on the ice and would become involved in an accident. This failure by Manning was a proximate cause of the plaintiff's injuries.

The defendants make reference to a subsequent, intervening act, yet they fail to specify exactly what this act is. They may be referring to the actions of the driver of a third vehicle or the actions of Manning following the first crash. They do not state. It is noted, however, that an intervening act must be performed by a third person in

order to break the chain of causation. Nonetheless, both of these arguments involve substantial factual disputes which are not within the realm of a summary judgment decision.

Excellent guidelines for summary judgment motions were set forth by Judge Young in the recent case of *Bridges v. Kentucky Stone Co., Inc.* (1980), Ind.App., 408 N.E.2d 575, at 576:

"Questions of negligence and proximate cause are ordinarily questions of fact for a jury to decide. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair–minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact–finding body."

The factual issues in this case necessitated a jury's determination. Thus, the trial court properly denied the defendants' motions for summary judgment.

The final issue on appeal presents numerous arguments which basically challenge the sufficiency of the evidence. As has been decided in a multitude of cases, this Court will not reweigh the evidence or determine the credibility of witnesses. Liability of the defendant Manning was based on his failure to warn on–coming vehicles of his disabled truck which was blocking one lane completely and part of the second lane on a two–lane northbound bridge. Liability of the defendant Peter Eckrich and Sons, Inc. was based on its position as the employer of Manning, who was acting within the scope of his employment at the time of the incident. The evidence presented in this 3,000 page record is more than sufficient to support the verdict. Eyewitness accounts described Manning's actions at the accident scene and his apparent lack of concern for the safety of others. The defense of contributory negligence by the deceased was simply not accepted by the jury. This Court will not sit as the thirteenth juror and determine which evidence is most credible. A vast amount of conflicting evidence

was presented to the jury and the verdict rendered was properly supported.

The defendants have failed to demonstrate reversible error and, therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in result, since I can not agree with the rationale employed by the Majority Opinion regarding TR. 56(E). The Majority Opinion is incorrect when it concludes: "The denial of a summary judgment may be properly appealed to this Court following a trial on the merits and the entry of a final judgment." The rationale of the Majority Opinion is that there is a conflict between The Civil Code Study Commission Comments and the clear meaning of TR. 56(E): "(t)herefore, the clear meaning of the trial rule must take precedence and supersede the comments of the Study Commission." On the contrary, the denial of a summary judgment is moot on appeal when the issues have been tried on the merits and a final judgment has been rendered by the trial court. The language quoted from TR. 56(E) by the Majority: "Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered." refers to that portion of TR. 56(C) that permits the trial court to enter a judgment "as to less than all the issues, claims or parties." In other words, it refers to an interlocutory appeal. The "final judgment" in that portion of TR. 56(E) quoted by the Majority does not mean final judgment after a trial on the merits but entry of final judgment by the trial court where a party moves for summary judgment and a summary judgment is granted to the non—moving party or where all parties move for summary judgment and the trial court grants summary judgment as to some and denies summary judgment as to others. The entry of final judgment is made before any trial on the merits. Furthermore, a partial summary judgment which is the subject of this appeal is specifically covered by TR. 56(C), not TR. 56(E). Any rationale which would suggest that the denial of partial summary judgment could be reviewed on appeal after the trial court had heard testimony of all the witnesses and weighed all the evidence presented on the merits is specious. It only creates errors for review which have already been decided on the merits and must be tested by entirely different standards of review. Therefore, I concur in result only upon the Majority's treatment of partial summary judgment. As to the remainder of the Majority Opinion, I concur.