**Edward L. ARNOLD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8606–CR–589.**

Supreme Court of Indiana.

July 13, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

The cause was submitted to the trial court without a jury. Appellant was found guilty of Robbery, a Class B felony, two counts of Confinement, a Class B felony, and one count of Carrying a Handgun without a License, a Class A misdemeanor. He received sentences of twelve (12) years on each of the felony counts and one (1) year on the misdemeanor count. The trial court determined that the sentences should run concurrently.

The facts are: On November 16, 1984, at approximately 11:30 p.m., Kathleen Keils and her daughter, Michele Keils, were at their residence in Indianapolis. They heard a knock on a rear patio door. They saw appellant and another man standing on their patio. Michele opened the door to see what the men wanted. After inquiring about a person neither of the women knew, the men forced their way through the door. Both were carrying guns. Appellant stated "give me all your money or I'm going to kill you, bitch." After receiving a purse containing $20, appellant demanded more money. The men then tore the telephone from the wall and took the women upstairs where they ransacked the bedrooms. They took a television set, a wristwatch and several rings. The men then took the women downstairs where they forced them to lie on the floor. They held their guns to the women's buttocks and repeated that they were going to kill them. They pulled down Michele's sweat pants and tied both women with a vacuum cleaner cord, which they found in the closet.

After the men left, the women telephoned the Marion County Sheriff's Department. Deputy Sheriff Joseph Wagner responded to the call and obtained a description of the men from the women. Subsequently, Detective Sergeant Ron Beasley compiled a photographic array and showed it to the women. Appellant's pho-

tograph was not included in this array. Neither woman was able to make an identification.

On December 6, 1984, Beasley went to the Keils' residence with a second photographic array. The second array consisted of six photographs including appellant. Each woman viewed the array separately and picked appellant's photograph without hesitation.

On January 14, 1985, both women viewed a lineup at the City-County Building in Indianapolis. The lineup was comprised of six individuals including appellant. The two women were supplied with forms upon which they were to indicate any identification they might make. The women were placed twenty feet apart while viewing the lineup and were asked not to communicate with each other. Each woman individually picked appellant out of the lineup.

 Appellant's sole assignment of error is that the judgment of the trial court is not sustained by sufficient evidence. Appellant acknowledges that this Court does not weigh the evidence, citing *Williams v. State* (1973), 260 Ind. 543, 297 N.E.2d 805. Appellant claims the evidence is insufficient because the identification of the two witnesses varies greatly from the description given to the police officer at the scene of the crime. The description the women gave the police at the time of the crime was that the person they later identified as appellant was a Negro male approximately thirty years old, five feet nine inches tall, 165 pounds, black hair, dark eyes, dark complexion, wearing a black leather jacket and bluejeans. The Sheriff's record shows appellant actually was a Negro male, five feet five inches tall, weighed 135 pounds, had dark hair and brown eyes.

When cross-examined about this discrepancy, the women stated that they were not good judges of height or weight. However, they were positive in their identification. All of this evidence was submitted to the trial judge, whose prerogative it was to weigh such evidence and take into consideration the discrepancies involved. It would be improper for this Court to substitute its judgment for the trial court in this type of situation. *Id.*

Appellant claims the identification was improper because the photographic identification and the lineup identification "were not conducted well enough in order to make the in-court identification of the defendant by the two alleged victims accurate."

The record does not support this observation by appellant. As above described, both the photographic identification and the lineup were exemplary in the manner in which they were conducted. We see no misconduct by police authorities in either event.

Appellant also claims the decision of the trial court does not take into account his alibi. His so-called alibi consisted solely of the testimony of his father that appellant had taken him to his job at 11:00 p.m. Evidence in this record indicates that it took approximately ten minutes to drive from the location where appellant left his father at his place of employment to the Keils' residence. Given the time and distance involved, the so-called alibi evidence did not constitute an alibi at all. The trial judge could completely believe the testimony of appellant's father and still find that appellant had ample time to commit the crime at 11:30 p.m.

Appellant also contends his actions did not constitute confinement. The evidence above recited clearly indicates that confinement occurred under the definition in Ind. Code § 35-42-3-3(a)(1). *See also Crabtree v. State* (1984), Ind., 470 N.E.2d 725.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.