David Allen JOHNSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 184 S 40.

Supreme Court of Indiana.

Feb. 2, 1988.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant David Allen Johnson was found guilty of murder by a jury in the St. Joseph Circuit Court. He was sentenced to a fifty (50) year term of imprisonment. He directly appeals, raising several issues which we have restated as follows:

1. limitation of cross-examination;

2. refusal of tendered jury instructions regarding sources of the law, reasonable doubt, and lesser included offenses;

3. alternate theories of liability;

4. sentencing;

5. rereading exhibit to jury;

6. juror misconduct.

The facts show that in January, 1981, August Lodholtz planned, along with Phyllis Whitehead and Elaine Wallace, to murder Claude Whitehead. Lodholtz was to be paid $5000 and given a motorcycle to murder Whitehead. Lodholtz informed Johnson of the plot and offered Johnson $2500 and the motorcycle to kill Claude Whitehead. The evidence at trial tended to show that on January 19, 1981, Lodholtz obtained a gun and gloves from Wallace. Lodholtz and Johnson drove to the Whitehead residence. Lodholtz or Johnson then left the area while the other went into Whitehead's home and fatally shot Whitehead.

Approximately one year later, Johnson admitted committing the murder to Thomas Bradley and told Bradley he had received $2500 for killing Whitehead. Thereafter, Bradley spoke with Officer Richard Seniff of the St. Joseph County Police Department but did not initially tell the officer that Johnson admitted to committing a murder.

On July 19, 1982, Officer Gregory Labis spoke with Johnson. Johnson at first denied any involvement in the Whitehead murder, but later stated he had driven Lodholtz to Whitehead's home, but he had not killed Whitehead. On November 29, 1982, Johnson gave a tape-recorded statement to police in which he described the murder plot. Johnson stated he drove Lodholtz to the Whitehead residence and left the area. Subsequently, Johnson returned to the residence and found Lodholtz waiting for him. Johnson stated Lodholtz told him that he shot Whitehead three times. Lodholtz and Bradley testified Johnson went into the house and shot the decedent. Approximately one year after the incident, Johnson was paid for his participation in the murder.

I

Johnson argues the trial court denied him the opportunity to effectively cross-examine State's witness Thomas Bradley by prohibiting counsel from eliciting Bradley's address and place of employment, citing *Smith v. Illinois* (1968), 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 and *Alford v. United States* (1931), 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624. *Smith* and *Alford* make it clear that a defendant is presumptively entitled to cross-examine a key government witness as to his address and place of employment. These authorities do not, however, require a new trial whenever such cross-examination is restricted. *See United States v. Navarro* (7th Cir.1984), 737 F.2d 625, 633, *cert. denied sub nom. Mugercia v. United States* (1984), 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364.

■ Determination of whether Johnson was denied effective cross-examination is not governed by whether or not Bradley divulged his home address, but whether Johnson has been given sufficient "opportunity to place the witness in his proper setting." *Navarro*, 737 F.2d at 633. One limitation on the right to cross-examine a witness occurs when disclosure of the information sought would endanger the physical safety of the witness or his family. *Smith*, 390 U.S. at 133–34, 88 S.Ct. at 751 (concurring opinion); *United States v. LaBarbera* (7th Cir.1972), 463 F.2d 988, 990. Since a trial judge is in the best position to observe the trial proceeding, the trial judge should control the extent of cross-examination and accordingly will be reversed only on an abuse of discretion. *Marbley v. State* (1984), Ind., 461 N.E.2d 1102, 1107. To show an abuse of discretion, a defendant must demonstrate how he was prejudiced by the court's actions. *Id.*

■ Johnson claims suppression of the information emasculated his right of cross-examination by restricting counsel's opportunity to impeach Bradley's credibility and thus denied Johnson a fair trial. Johnson points to no evidence he was prevented from presenting by failure to be advised of the witness' address. At trial, Bradley tes-

tified that Johnson informed him of his involvement in the Whitehead murder. During cross-examination of Bradley, defense counsel asked Bradley where he lived. The State objected to the question and moved for a protective order. During an *in camera* hearing, Bradley revealed he had received anonymous threats and was under police protection. The trial court found a reasonable fear existed that disclosure of Bradley's home address would endanger his safety. Over Johnson's objections, the trial court ordered the defense to limit cross-examination to Johnson's "region" of residence. Bradley testified he was currently living in the southern region of the United States and was employed at a prison in that area. Further, Johnson was permitted to thoroughly cross-examine Bradley on all of his testimony, including Bradley's failure to disclose Johnson as the "triggerman" at any time prior to his conference with the prosecutor the night before his testimony. Here the trial court did not abuse its discretion by restricting cross-examination.

## II

Johnson claims the trial court erred by refusing to give several of his tendered final instructions. In reviewing an issue concerning the refusal of a tendered instruction, this court considers whether the instruction is a correct statement of the law, whether there is evidence to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions which were given. *Smith v. State* (1984), Ind., 468 N.E.2d 512, 517; *Richey v. State* (1981), Ind., 426 N.E.2d 389, 395.

 Johnson first complains the trial court did not fully explain the jury's function because it did not advise the jury what it could consider in determining the law. Johnson claims the jury should have been instructed that in determining the law the jury may consider the Constitution of this State, the common law, the decisions of courts of last resort, the instructions of the court and the arguments of counsel, as stated in Johnson's tendered final instruc-

tion no. 1. However, the trial court gave final instruction no. 15, which reads:

> The Constitution of the State of Indiana makes the jury the judges of both the law and the facts in criminal cases. Though this means that you are to determine the law for yourself, it does not mean that you have the right to make, repeal, disregard, or ignore the law as it exists. The instructions of the court are the best sources as to the law applicable to this case.

This instruction is a correct statement of the law and adequately explains the role of the jury. *See Critchlow v. State* (1976), 264 Ind. 458, 465, 346 N.E.2d 591, 596. Thus, the trial court did not err by refusing Johnson's final instruction no. 1.

 Johnson also contends the trial court erred by refusing to give his tendered final instruction no. 3 which relates that a reasonable doubt may exist or arise not only from the evidence but also from a lack of evidence relating to an essential element of the crime. He claims the matter was not fully explained nor well covered because the trial court did not advise the jury that a lack of evidence could be the source of reasonable doubt. The trial court gave final instruction no. 11, which reads:

> A "reasonable doubt" is a fair, actual and logical doubt that arises in your mind after an impartial consideration of all of the evidence and circumstances in the case. It should be a doubt based upon reason and common sense and not a doubt based upon imagination or speculation.
>
> If, after considering all of the evidence, you have reached so firm a belief in the guilt of the defendant that you would feel safe to act upon that belief, without hesitation, in a matter of the highest concern and importance to you, when you are not required to act at law then you will have reached that degree of certainty which excludes reasonable doubt and authorizes conviction.
>
> The rule of law which requires proof of guilt beyond a reasonable doubt applies to each juror individually. Each of

you must refuse to vote for conviction unless you are convinced beyond a reasonable doubt of the defendant's guilt. Your verdict must be unanimous.

This instruction is a correct statement of the law and adequately defines the phrase "reasonable doubt." As an extensive instruction on the reasonable doubt standard was given, it was not necessary for a jury to be instructed on the matters contained in Johnson's tendered instruction. *See Bivins v. State* (1982), Ind., 433 N.E.2d 387, 390–91. The trial court did not err by refusing Johnson's tendered final instruction no. 3.

■ Johnson also claims the trial court erred in refusing to give his tendered final instructions regarding the lesser included offenses of voluntary manslaughter and reckless homicide. Johnson charges the instructions on included offenses should have been given since he presented no evidence at trial, citing *Jones v. State* (1982), Ind., 438 N.E.2d 972. However, a defendant is not entitled to an instruction on a lesser included offense unless the evidence would have warranted a jury's finding that the lesser offense was committed while the greater was not. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 587.

■ Voluntary manslaughter is defined as the knowing or intentional killing of another human being while acting under sudden heat. Ind.Code Ann. § 35–42–1–3 (Burns Supp.1987). To reduce murder to manslaughter, there must be sufficient provocation to engender such passion. To find sufficient provocation one must find that such emotions as anger, rage, sudden resentment, or terror must be sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection. *Hedrick v. State* (1982), Ind., 430 N.E.2d 1150, 1151. Here Johnson points to no evidence which warrants the conclusion that sudden heat was a factor in the killing. The evidence showed the victim was purposely killed pursuant to a plan. The jury could not have determined from the evidence that the killing was committed in sudden heat. The instruction was properly

refused. *See Kelley v. State* (1984), Ind., 470 N.E.2d 1322, 1326.

■ The trial court also refused to give a final instruction which would have informed the jury that reckless homicide is an included offense of murder. Assuming that the offense of reckless homicide may, under certain circumstances, be an included offense of murder, the trial court nonetheless properly refused the instruction since there was no evidence rendering it applicable.

### III

Johnson asserts it was error for the court to instruct the jury on accessory liability since he was charged as a principal. Defense counsel did not object to instructions 4 and 12 at trial and thus, any error is waived. *Martin v. State* (1983), Ind., 453 N.E.2d 1001, 1006. Johnson asserts the trial court committed fundamental error in giving these instructions. Fundamental error may be considered on appeal even if not raised by proper objection at trial. *Griffin v. State* (1982), Ind., 439 N.E.2d 160, 161–62, modified with respect to post-conviction petitions in *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1263.

■ A defendant may be charged as a principal and convicted on evidence that he aided in the commission of the crime. *Abrams v. State* (1980), 273 Ind. 287, 289, 403 N.E.2d 345, 347; Ind.Code Ann. § 35–41–2–4 (Burns 1985). Further, instructions on an accused's liability as an accessory are proper when the accused is charged as a principal, assuming that the evidence supports such instructions. *Taylor v. State* (1986), 495 N.E.2d 710, 713; *Abrams*, 273 Ind. at 289, 403 N.E.2d at 347. Here, Johnson was charged by information alleging that he knowingly killed Whitehead by shooting him with a gun. There was conflicting evidence as to whether Johnson actually fired the fatal shots. State's witnesses Thomas Bradley and August Lodholtz testified Johnson shot the decedent. Johnson admitted his involvement in the murder, but stated Lodholtz actually fired the fatal shots. Following the presentation of evidence the trial court

gave, without objection, instructions 4 and 12 which defined murder and the culpability required to convict of murder. The instructions properly state the law and an examination of the evidence reveals it was appropriate to give these instructions to the jury. *See Hoskins v. State* (1982), Ind., 441 N.E.2d 419, 424–27; *Lawson v. State* (1980), 274 Ind. 419, 421–23, 412 N.E.2d 759, 762–63, *cert. denied* (1981), 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424.

## IV

■■■■■ Johnson claims the fifty (50) year sentence imposed on him was unreasonable and excessive because the sentencing court did not consider mitigating factors and based the sentence on factors beyond the verdict. The trial court has the discretion to determine what weight to be given to aggravating or mitigating circumstances. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind.R.App.Rev.Sen. 2.

■■■ Johnson argues the sentencing court erred by failing to consider his cooperation with the police as a mitigating circumstance. However, mitigating factors are not a mandatory consideration in sentencing a criminal defendant. *Johnson v. State* (1983), Ind., 447 N.E.2d 1072, 1076.

■■■ The sentencing court stated Johnson was charged with and found guilty of murder for hire. Defense counsel pointed out that the charge was only "murder" and commented that the jury's verdict did not clarify whether the jury considered Johnson to be a principal or an accessory. The court stated he was "stepping beyond the wordage of the verdict," and indicated that the murder for hire aspect was the distinguishing feature here. The sentencing court indicated that the character, condition, and the mind of an individual that permits participation in murder for hire is

one to which society must react. Thus, the court imposed a fifty (50) year sentence. The trial court was justified in making the finding he did considering the evidence before him. The sentence is within the scope of the sentencing statute, Ind.Code § 35–50–2–4. The sentence is such that a reasonable person would deem it appropriate and is not out of proportion to the severity of the crime. The sentencing court did not abuse its discretion here.

## V

State's Exhibit 11 was a transcript of Johnson's tape-recorded statement to the police. Exhibit 11 was originally admitted without objection and was given to the jury at the same time that State's Exhibit 16, the tape-recording, was played for the jury. During deliberations the jury requested to see the exhibits admitted into evidence. After careful questioning by the trial judge, in the presence of both parties, the jury specifically requested to review State's Exhibit 11, the transcript. The judge advised the jury that he would not let them have a written statement in the jury room because it "would give undue weight or importance to those things that are there, maybe to the detriment of those things that are not there." Subsequently, over objection, the trial judge read the transcript of the tape-recorded statement to the jury. The jury returned a verdict within several minutes.

■■■■■ Johnson claims compliance with the jury's request here gave Exhibit 11 undue emphasis and constitutes prejudicial error as demonstrated by the speed within which the jury returned a guilty verdict. However, a trial judge must, on the jury's request, have read to them any properly admitted testimony or documentary evidence. *Ortiz v. State* (1976), 265 Ind. 549, 564–65, 356 N.E.2d 1188, 1197; Ind.Code Ann. § 34–1–21–6 (Burns 1986). Further, it is proper to have a single witness' testimony replayed. *Brackens v. State* (1985), Ind., 480 N.E.2d 536, 541. The procedure followed by the trial court was correct.

## VI

Johnson claims he was denied a fair trial due to juror misconduct. Johnson's fian-

cee, Debbie Eberhart, testified at the hearing on the Motion to Correct Errors that during the testimony of August Lodholtz she heard a juror tell a fellow juror that "he was guilty." Eberhart did not know to whom the jurors were specifically referring. She said she did not mention what she had heard to anyone until she talked on the telephone to Johnson after the trial.

Johnson here asserts the juror who expressed the opinion of guilt was violating the court's instruction admonishing the jurors not to form an opinion during the trial and reach no conclusion in the cause until hearing all of the evidence, the arguments of counsel, and the final instructions as to the law. Johnson asserts the juror should be considered unqualified under Ind.Code § 35–37–1–5(a)(2) in "that he has formed or expressed an opinion as to the guilt or innocence of the defendant."

It is within the discretion of a trial judge to determine whether evidence presented discloses any irregularity. *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1251. In the case of juror misconduct, harm to the defendant must be shown. *Id.* "Misbehavior or irregularity on the part of a juror must—in order to warrant a new trial—be gross and it must be shown to have probably injured the accused." *Gann v. State* (1975), 263 Ind. 297, 300, 330 N.E.2d 88, 91. Here it cannot be said that the trial judge abused his discretion in determining that the evidence presented at the hearing revealed no irregularity meriting a new trial. Eberhart not only never informed anyone of the incident prior to the conclusion of the trial, she did not know who the jurors were and did not know to whom the jurors were specifically referring.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without separate opinion.