**Donald EARL, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 49S00–9909–CR–484.

Supreme Court of Indiana.

Sept. 16, 1999.

sibility of a death sentence had "any effect on [his] plea of guilty here this afternoon," he responded "No."

**1266**

Jane Ann Noblitt, Columbus, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Donald Earl was convicted in the stabbing death of his girlfriend after the two had been fighting. He now appeals, arguing that "sudden heat" mitigates his culpability. Finding the evidence sufficient to conclude that the State negated the presence of sudden heat beyond a reasonable doubt, we affirm.

We have jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

Defendant maintained an on-again, off-again romantic relationship with Carol Lynn Conger ("Lynn") during which he occasionally lived with Lynn and her daughters. After Lynn had evicted him some time earlier, Defendant returned to her apartment in early May, 1996.

On the evening of May 5, 1996, Defendant and Lynn began to argue. At one point during the argument, Defendant threatened Lynn and her daughters with a shovel, telling them that he was going to "[t]each you to respect me" and that he had "come to ... Indianapolis to kill Lynn Conger." (R. at 329–31). At another point in the same argument, Defendant threatened Lynn with a meat cleaver. Late the next evening, Defendant stabbed Lynn while her children were asleep in the next room. Afterwards, Defendant locked the bedroom door behind him and pulled the phone cords out of the walls. He then took Lynn's car keys from her purse and drove off in her car.

The following morning, Lynn's daughters found their mother's bedroom door locked. The children knocked repeatedly on the door, but got no response. Downstairs, the phone cords were missing. The children left their mother a note and went to an aunt's home where they telephoned a second aunt, Amelia Young. Later, Ms. Young took police to Lynn's apartment where they discovered Lynn's body. An autopsy revealed that two stab wounds perforating her chest and her left lung caused Lynn's death. She also suffered stab wounds to her ear, scalp, and superficial wounds to her chest.

The police later apprehended Defendant in Dayton, Ohio. While in custody, Defendant phoned Gene Buckner, a relative of Lynn's and admitted stabbing Lynn after an argument. Following a bench trial, Defendant was convicted of Murder [1] and Auto Theft.[2] The trial court sentenced Defendant to the

---

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.* § 35–43–4–2.5.

Department of Correction for sixty-five years for his murder conviction and three years for his auto theft conviction.

### Discussion

Defendant contends the State failed to meet its burden of negating beyond a reasonable doubt Defendant's claim that he killed Lynn while acting under sudden heat, thereby entitling him to a reversal of his murder conviction. We disagree.

■■ Voluntary Manslaughter is a lesser included offense of Murder, distinguishable by the factor of the defendant having killed, "while acting under sudden heat." Ind.Code § 35–42–1–3 (1993). To establish sudden heat, the defendant must show "sufficient provocation to engender ... passion." *Johnson v. State*, 518 N.E.2d 1073, 1077 (Ind. 1988). Sufficient provocation is demonstrated by "such emotions as anger, rage, sudden resentment, or terror [that are] sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection." *Id.*

■■ To obtain a conviction for Murder, the State is under no obligation to negate the presence of sudden heat because "[t]here is no implied element of the absence of sudden heat in the crime of murder." *Palmer v. State*, 425 N.E.2d 640, 644 (Ind.1981). However, once a defendant places sudden heat into issue, the State then bears the burden of negating the presence of sudden heat beyond a reasonable doubt. *McBroom v. State*, 530 N.E.2d 725, 728 (Ind.1988). It may meet this burden by rebutting the defendant's evidence or affirmatively showing in its case-in-chief that the defendant was not acting in sudden heat when the killing occurred. *Gregory v. State*, 540 N.E.2d 585, 593 (Ind.1989).

■ Defendant asserts that he acted in sudden heat when he stabbed Lynn. In support of this contention, Defendant offered evidence that he and Lynn had an unusually tempestuous relationship with a long history of quarrel and confrontation. In addition, Defendant presented evidence of bruises and other injuries he claims to have sustained when the victim struck him with a crutch on the Sunday prior to, and the evening of, her

death. As for the circumstances surrounding Lynn's death, Defendant contends that he never intended to kill her, but that he stabbed her only after she taunted him repeatedly and came after him with a knife. Defendant claims that he struggled to get the knife away from Lynn, and that once he obtained the knife, he just "snapped." Although we agree that this evidence adequately introduced the element of sudden heat, we find that the totality of the evidence presented in this case is ·sufficient to support the court's conclusion that Defendant did not act in sudden heat.

■ The State presented evidence that on the night before the murder, Defendant—while threatening Lynn with a shovel and a meat cleaver—directly stated that he had returned to Indianapolis "to kill Lynn Conger." This statement of intent foreshadowed events to come and served to illustrate premeditation and calculation, rather than the sudden heat asserted by Defendant.

In addition, although Defendant contends to have killed Lynn during a fight, the evidence presented at trial does not support this assertion. Lynn's children, who were asleep in the next room, did not hear any argument or fighting the night Defendant stabbed her. As noted, Defendant stated that the stabbing happened only after Lynn beat him repeatedly with a crutch and attempted to stab him. Defendant also provided some additional evidence that there had been either an argument or physical altercation the night of the killing. However, the trial court, as finder of fact, had the responsibility of balancing this evidence against that suggesting that Defendant intentionally killed Lynn and was not acting in sudden heat.

Defendant seeks support for his position from *Griffin v. State*, 644 N.E.2d 561 (Ind. 1994), where we reversed a defendant's murder conviction, holding that the trial court erroneously refused to give a voluntary manslaughter instruction. We find Defendant's reliance on *Griffin* to be misplaced. First, the facts of the present case are considerably different from those in *Griffin*. This is especially so given that Defendant stated his intention to kill Lynn on the evening before

the incident. Second, in *Griffin* we did not find the presence of sudden heat sufficient to preclude a conviction for murder. Rather, we found that there was sufficient evidence of sudden heat to support an *instruction* on voluntary manslaughter, explaining that "when the question to instruct on a lesser included offense is a close one, it is prudent for the trial court to give the instruction and avoid the risk of the expense and delay involved in a retrial." *Id.* at 563. Because the present case involved a·bench trial, these considerations do not apply.

We find the evidence sufficient to conclude that the State negated Defendant's claim of "sudden heat" beyond a reasonable doubt. The trial court properly convicted Defendant of murder, rather than voluntary manslaughter.

*Conclusion*

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.