**James P. HARRISON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 65S00–9105–DP–380.

Supreme Court of Indiana.

Dec. 18, 1995.

Rehearing Denied April 10, 1996.

## ON DIRECT APPEAL

SULLIVAN, Justice.

In *Harrison v. State,* 644 N.E.2d 1243 (Ind.1995), we affirmed James W. Harrison's convictions for the knowing Murder of Tia Forsee and for the Felony Murder of Jordan Hanmore but remanded the case to the Posey Circuit Court for a more specific sentencing order or statement of reasons for selecting the death sentences it imposed. Following remand and a new sentencing order, we affirm defendant's death sentences.

1.  IND.CODE § 35–50–2–9(b)(7) (1988).

*Discussion*

Our original opinion in this case sets forth the facts of this case, our analysis in affirming the convictions, our analysis affirming the constitutionality of the death penalty in Indiana, and our review of the penalty phase of defendant's trial. In that analysis and review we found no reversible error. We find it unnecessary to restate those facts and that analysis and review here. The trial court has responded to our request for a more specific sentencing order and so we now complete our death sentence review by examining the trial court's sentencing determination.

### I

Under our death penalty statute, the trial court has certain duties once the jury makes its recommendation. First, the trial court must find that the state has proved beyond a reasonable doubt that at least one of the aggravating circumstances listed in the death penalty statute exists. Ind.Code § 35–50–2–9(e)(1) (1988) (currently Ind.Code § 35–50–2–9(i)(1) (1993)). Second, the trial court must find that any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances. Ind.Code § 35–50–2–9(e)(2) (1988) (currently Ind.Code § 35–50–2–9(i)(2) (1993)). Third, before making the final determination of the sentence, the trial court must consider the jury's recommendation. Ind.Code § 35–50–2–9(e) (1988). However, the court is not bound by the jury's recommendation. *Id.*

Starting with the third of these three factors, that the trial court must consider the jury's recommendation, the trial court considered the recommendation of the jury that the death penalty be imposed.

 In imposing the death sentence for the murder of Tia Forsee, the trial court found that the state proved beyond a reasonable doubt two of the aggravating circumstances listed in the death penalty statute— that the Defendant had been convicted of another murder[1] and that the victim of the

murder was less than twelve years of age.[2] The record and the law support these findings.

In imposing the death sentence for the murder of Jordan Hanmore, the trial court found that the state had proved beyond a reasonable doubt that three of the aggravating circumstances listed in the death penalty statute existed—that the Defendant had been convicted of another murder,[3] that the victim of the murder was less than twelve years of age,[4] and that the Defendant "killed Jordan Hanmore during the commission of Arson."[5] The record and the law support the findings as to the aggravators concerning conviction of another murder and age of the victim. However, the law does not support the finding concerning the aggravator relating to killing during the commission of arson.

Indiana Code § 35–50–2–9(b)(1) (1988) (currently Ind.Code § 35–50–2–9(b)(1)(A) (1993)) provides that it is an aggravating circumstance for purposes of imposing the death penalty when the defendant commits "the murder by *intentionally* killing the victim while committing ... [a]rson." This is important because, for purposes of the guilt phase of the trial, the Defendant was charged with and convicted of the felony murder of Jordan Hanmore. The State was not required to prove intent to kill to obtain this conviction. *Harrison*, 644 N.E.2d at 1248. Thus, during the sentencing phase of the trial the state had the burden of proving beyond a reasonable doubt that the killing by arson was intentional if this aggravating circumstance was to be used to support a sentence of death. The trial court made no finding as to whether or not the state proved that the Defendant intentionally killed Jordan Hanmore by arson.[6] We will discuss impact of this error on the sentence in a moment.

Defendant argued at the sentencing hearing that there were four mitigating circumstances. First, he argued that the evidence supporting guilt in this case was not overwhelming enough to justify a sentence of death. There was no physical evidence linking the defendant to the crime—no hair, no blood, no fingerprints; even the DNA evidence was inconclusive. And the jury acquitted the defendant on one murder count. Second, the defendant had a record of military service, including service in Vietnam. Third, the defendant had been abused and molested as a child. Fourth, given the defendant's age, there was little likelihood that he would survive prison, *i.e.*, any sentence of a term of years was effectively a life sentence. We find no other circumstances shown by the record to warrant mitigating consideration. The trial court found two mitigating circumstances to exist, defendant's military service in Vietnam in service to his country and defendant's "unfortunate childhood and cultural background."

Our death penalty statute requires that the trial court must find that any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances. Ind.Code § 35–5–2–9(e)(2) (1988) (currently Ind.Code § 35–50–2–9(i)(2) (1993)). The trial court made such a finding with respect to each of the death sentences sought.

As to the sentence of death sought by the state for the murder of Tia Forsee, based on our review of the record and the law, we agree that the state has proved two aggravating circumstances specified by our death penalty statute beyond a reasonable doubt and that the mitigating circumstances that exist are outweighed by the aggravating circumstances. We conclude that the death penalty is the proper and appropriate sentence for defendant's murder of Tia Forsee.

2. Ind.Code § 35–50–2–9(12) (1988) (currently Ind. Code § 35–50–2–9(b)(11) (1993)).

3. Ind.Code § 35–50–2–9(b)(7) (1988).

4. Ind.Code § 35–50–2–9(b)(12) (1988) (currently Ind.Code § 35–50–2–9(b)(11) (1993)).

5. Ind.Code § 35–50–2–9–(b)(1) (1988) (currently Ind.Code § 35–50–2–9(b)(1)(A) (1993)).

6. We expressed our concern about this precise point, *i.e.*, the absence of any finding on the intent element in the killing while committing arson, in our original opinion. *Harrison*, 644 N.E.2d at 1263 n. 30. However, it was not addressed by the trial court in its new sentencing order.

As to the sentence of death sought by the state for the murder of Jordan Hanmore, based on our review of the record and the law, we find that the state has proved beyond a reasonable doubt two of the aggravating circumstances set forth in our death penalty statute. There has been no proper trial court finding that a third aggravating circumstance charged by the state has been proven. However, because we agree that the properly proven aggravating circumstances outweigh the mitigating circumstances with respect to the death sentence imposed for the murder of Tia Foresee, we conclude that those same aggravating circumstances outweigh those same mitigating circumstances with respect to the murder of Jordan Hanmore. We conclude that the death penalty is the proper and appropriate sentence for defendant's murder of Jordan Hanmore.[7]

We further find these sentences to be proportionate not only to the nature of the offenses and the character of the defendant, but also to the sentences approved for capital murder defendants in other Indiana cases. *See Bivins v. State* (1994), Ind., 642 N.E.2d 928, 959 (collecting cases).

## II

Defendant does not contest the substance of the trial court's amended sentencing order but contends that the trial court should not be allowed to correct an inadequate sentencing procedure and order. His argument is that "it is impossible to know whether the trial court issued the amended sentencing order based upon prior findings, evaluation, and beliefs, or was a response to comply with a remand." Defendant does not indicate why this should make a difference in the way we review the sentence and, in any event, remand for a more specific death penalty sentencing order is a well established procedure in our court. *See, e.g., Benirschke v. State* (1991), Ind., 577 N.E.2d 576, *on rehearing,* 582 N.E.2d 355, *cert. denied* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910; *Schiro v.*

*State* (1983), Ind., 451 N.E.2d 1047, *cert. denied* 464 U.S. 1003, 104 S.Ct. 510, 78 L.Ed.2d 699; and *Judy v. State* (1981), 275 Ind. 145, 416 N.E.2d 95. Defendant offers no persuasive reason for abandoning this practice.

### Conclusion

We affirm James P. Harrison's death sentences for the murders of Tia Forsee and Jordan Hanmore.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

This Court affirmed a death sentence for the crime of felony murder in *Daniels v. State* (1983), Ind., 453 N.E.2d 160, where the aggravating circumstance supporting the death penalty was that "Daniels, intentionally killed the victim, Allen Street, while attempting to commit Robbery", the (b)(1) aggravator. Here, unlike Daniels and other felony murder cases employing the (b)(1) aggravator, the death sentence for the felony murder of Jordan Hanmore is being affirmed where the aggravating circumstances supporting the death penalty are that (1) the victim Jordan Hanmore was less than twelve years of age, the (b)(11) aggravator, and (2) the defendant had a prior murder conviction, the (b)(7) aggravator.

The (b)(11) aggravator was not intended by the legislature to warrant the death penalty where, as here, the only criminal state of mind supporting the finding or verdict of guilty of murder is the intent to commit a non-homicide felony or the intent to aid and abet in the commission of a non-homicide felony. *Abrams v. State* (1980), 273 Ind. 287, 403 N.E.2d 345 (aiding and abetting instruction properly given when felony murder is

---

7. With respect to Justice DeBruler's dissent, we can envision cases, although not this one, where it would be inappropriate to impose a sentence of death following conviction for felony murder, notwithstanding all requirements as to aggravating circumstances outweighing mitigating circumstances having been met. However, we would reach such a conclusion through the exercise of our constitutional responsibility to review and revise sentences, Ind. Const. art. VII, § 4, not as a matter of statutory construction.

charged). Here Jordan Hanmore died of smoke inhalation, and the non-homicide felony charged is arson. This (b)(11) aggravator is instead intended to identify those who knowingly or intentionally kill small children as deserving the death penalty. This purpose is not served when the aggravator is employed in conjunction with a felony murder.

A conviction satisfying the (b)(7) aggravator should have (1) been final, (2) been in existence when the instant act of killing occurred, and (3) been based upon a knowing or intentional state of mind. *Lockhart v. State* (1993), Ind., 609 N.E.2d 1093, 1104 (DeBruler, J., dissenting). Here there was no proof of elements (1) and (3). Indeed, with respect to (3), appellant's 1973 conviction with its twenty year sentence constituted no more than a lesser felony homicide, lacking wilfulness, deliberation, and premeditation in addition to lacking the intent to commit one of the major felonies like rape, arson, robbery, and burglary. Va.Code Ann. § 18.2–32 and –33 (Michie 1988); *Durham v. Commonwealth*, 214 Va. 166, 198 S.E.2d 603 (1973).

Upon the above reasoning I cannot join in finding appropriate the death penalty for the felony murder of Jordan Hanmore. I do, however, join in finding the death penalty appropriate for the outright knowing murder of Tia Forsee upon the basis of the (b)(11) aggravator, that she was a child under the age of twelve. She was three and one half years old. She was in a room separate from her brother, and the fire was started by an accelerant on her or immediately next to her.