ATTORNEY FOR APPELLANT
Elizabeth A. Gabig
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

FILED

Jun 23 2009, 1:24 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S00-9901-CR-17

FRANK DENNIS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G03-9701-CF-012155
The Honorable Cale Bradford, Judge

On Direct Appeal

**June 23, 2009**

**Boehm, Justice.**

This is a belated direct appeal from sentences for multiple crimes related to two 1997 murders. Life without parole was imposed, so the appeal is directly to this Court. Because the trial court did not enter a sufficient sentencing statement to support the sentence of life without parole, we vacate that sentence and remand for entry of a sixty-five-year term to run consecutively to the defendant's other sentences for an aggregate sentence of 190 years. We otherwise affirm the sentences.

## Facts and Procedural History

On January 20, 1997, Frank Dennis, Curtis Holsinger, and Jessica Lopez met in Dennis's home in Jasonville, Indiana and discussed traveling to Indianapolis to rob Chad Sloan as revenge for Sloan's "snitching out" Dennis's drug transactions. As part of the arrangement, Dennis and Holsinger agreed that Holsinger would kill Sloan and Dennis would kill Shirley Newsom, Sloan's girlfriend.

On the morning of January 22, the three drove to Indianapolis and entered Sloan's home. After Dennis and Holsinger tied Sloan's and Newsom's hands behind their backs, Holsinger took Sloan to the bedroom and stabbed him twenty-nine times. In the living room, Dennis shot Newsom twice in the head. All three fled, taking jewelry, over $700 in cash, several compact discs, and a coin bank. Dennis also took a handful of Hershey's Kisses from a candy dish.

Dennis was apprehended on January 23 in Arkansas and immediately gave a complete confession. He pleaded guilty to the murder of Newsom, the felony murder of Newsom, the felony murder of Sloan, the robbery of Newsom, the robbery of Sloan, the criminal confinement of Newsom, and the criminal confinement of Sloan. The plea was open as to sentence. The trial court merged the felony murder of Newsom into the murder charge and the robbery of Sloan into the felony murder of Sloan.

The State sought life imprisonment without parole for the murder of Newsom, citing as the aggravating circumstance an intentional killing in the commission of a robbery. After a sentencing hearing, the trial court imposed life without parole for that murder. On the other counts—the felony murder of Sloan and the three remaining B felonies—the trial court imposed the maximum aggregate sentence of 125 years to be served concurrently with the life sentence.

In May 2008, Dennis requested and received permission from this Court to file a belated appeal. Dennis raises three claims: (1) his sentence of life without parole must be reversed because the trial court relied on an impermissible aggravator and did not enter an adequate sentencing statement; (2) the trial court abused its discretion on the remaining counts by failing to find mitigating circumstances clearly supported by the record; and (3) his sentences are inappropriate in light of the nature of the offense and his character.

## I. Life Without Parole

Dennis argues that his sentence of life without parole must be vacated because the trial court relied on an impermissible aggravator and did not enter an adequate sentencing statement.

Dennis's sentences are governed by the law in effect at the time of his crimes. Jacobs v. State, 835 N.E.2d 485, 491 n.7 (Ind. 2005). To impose a sentence of life without parole in 1997, the trial court was required to enter a sentencing statement meeting the standards set out in Harrison v. State:

> The trial court's statement of reasons (i) must identify each mitigating and aggravating circumstance found, (ii) must include the specific facts and reasons which lead the court to find the existence of each such circumstance, (iii) must articulate that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence, and (iv) must set forth the trial court's personal conclusion that the sentence is appropriate punishment for this offender and this crime.

644 N.E.2d 1243, 1262 (Ind. 1995) (citations omitted).

The trial court entered the following sentencing statement for life without parole:

> The Court, having heard the arguments of the attorneys, and considering the evidence that has been presented in the trial of this matter this morning, finds that the State has proven beyond a reasonable doubt that Frank V. Dennis—V. Dennis, on or about the 22nd day of January, A.D., 1997, murdered Shirley Newsom, a human being, and that that murder was intentional: That is, Frank V. Dennis intentionally murdered Shirley Newsom and committed that murder during the commission of a robbery.
>
> The Court weighs the aggravating factor, which has been alleged and proven by the State of Indiana beyond a reasonable doubt, against the mitigation evidence that has been presented by the Defendant and the arguments of his attorneys on his behalf.
>
> And, Mr. Dennis, the evidence has shown that you turned a loving home, full of caring and Disney characters, into a slaughterhouse, complete with a stun line.
>
> And the Court weighs these mitigators against these aggravators. And the bottom line, sir, is you've got to go. On Count I, the Court sentences you to life without parole.
>
> We'll now proceed to sentencing on the remaining counts.

3

The trial court's sentencing statement did not comply with Harrison. First, the sentencing statement failed to identify each aggravating and mitigating circumstance found. As to aggravators, the trial court identified as "the aggravating factor" (singular) that the murder had been committed during a robbery, but, after describing the heinous nature of the crime, balanced the mitigators against the "aggravators" (plural). This suggests that the trial court found the nature of the crime to be a second aggravator. In 1997, the nature of the crime was a statutory aggravating circumstance for general crimes, but was not a valid aggravator under Indiana Code section 35-50-2-9, which governed eligibility for the death penalty and life without parole. Moreover, the trial court referred to and later balanced the "mitigation evidence" and "mitigators" but did not properly identify any mitigating circumstances. The trial court's sentencing statement also failed to meet the second Harrison requirement—it did not include the reasons that caused the court to find mitigating circumstances.

The trial court's sentencing statement did comply with the third Harrison requirement. The trial court stated that "The Court weighs the aggravating factor . . . against the mitigation evidence," and "the Court weighs these mitigators against these aggravators." Although not using the language of Harrison, these statements established that the trial court evaluated and balanced the aggravators and mitigators.

As to the fourth requirement, the trial court stated, "And the court weighs these mitigators against these aggravators. And the bottom line, sir, is that you've got to go." There is little authority regarding what language is sufficient to meet the requirement that the court express its conclusion that the sentence is appropriate. But we have held that a statement may be sufficient even though it does not use "the precise language articulated in Harrison." Washington v. State, 808 N.E.2d 617, 630 (Ind. 2004). In Washington, we found the following language sufficient: "The Court, giving due consideration to the evidence in this case, the evidence and arguments presented at the sentencing hearing, the Pre-sentence Investigation Report, and the aggravating and mitigating circumstances, finds that a sentence of life imprisonment without parole should be imposed." Id. at 630. But see Brown v. State, 783 N.E.2d 1121, 1125, 1228 (Ind. 2003) (finding the following language insufficient: "IT IS THE SENTENCE OF THIS COURT, that the defendant is sentenced to Life imprisonment Without Parole, as to each count, and said counts are to

4

be served concurrently."). Although the trial court's sentencing statement does not mirror the language of Harrison, it minimally expresses the trial court's personal feelings.

Because the trial court's sentencing statement imposing life without parole did not comply with the first two Harrison requirements, the sentence of life without parole for the murder of Shirley Newsom must be vacated. This Court has previously remanded for a new sentencing order when the trial court found an improper aggravator. E.g., Clark v. State, 808 N.E.2d 1183, 1196 (Ind. 2004). Given that Dennis is sentenced to 125 years under the other counts, in the interest of judicial economy, we exercise our constitutional power to review and revise sentences. Ind. Const. art. 7, § 4. Dennis's sentence for Newsom's murder is revised to a term of sixty-five years, the maximum sentence in 1997 for murder under Indiana Code section 35-50-2-3, to run consecutively to his other sentences for a total of 190 years.

## II. Mitigating Circumstances

Dennis claims a defect in the sentencing statement covering the counts not eligible for life without parole. Dennis argues that the trial court's sentencing statement omitted mitigating circumstances that were clearly supported by the record and advanced for consideration.

At sentencing, Dennis offered four mitigating circumstances: his guilty plea and confession, his lack of criminal history, his extreme emotional disturbance, and his drug problem. The trial court found only Dennis's guilty plea and acceptance of responsibility to be mitigating circumstances.

Under the law in effect at the time of Dennis's crimes,[1] if, as here, a trial court deviated from the presumptive sentence, it was required to "(1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance ha[d] been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of circumstances." Harris v. State, 659 N.E.2d 522, 527–28 (Ind. 1995). Moreover,

> [a]lthough a court must consider all evidence of mitigating factors presented by a
> defendant, a finding of mitigating circumstances is within the trial court's discre-
> tion. A trial court is not obligated to explain why it has not chosen to find miti-

---

[1] Both Dennis and the State evaluate this issue using Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007). Because Anglemyer was not the law at the time of Dennis's crimes, we do not address it.

gating circumstances. Thus, a trial court is only required to articulate in the sentencing statement those proffered mitigating circumstances, if any, that it determines are significant.

Id. at 528 (citations omitted).

The trial court therefore had discretion to find mitigating circumstances, and based on the evidence presented, we cannot say it abused its discretion in not finding additional mitigating circumstances. Although Dennis had no history of convictions, he admitted a history of selling and using drugs. Dennis was evaluated by a psychiatrist who found that Dennis was "not suffering from a mental disease or defect which impaired his appreciation of the wrongfulness of his conduct," and that Dennis's "depression is logical in view of his situation." Finally, it appears the trial viewed found Dennis's drug use as an aggravating, not a mitigating, circumstance.

### III. Appellate Rule 7(B) Claim

Dennis argues that a sentence of life without parole concurrent with a term of 125 years is not appropriate given the nature of the offense and his character. Because we vacated Dennis's sentence of life without parole, we consider whether our revised sentence of sixty-five years following the aggregate sentence of 125 years for the other counts is appropriate for these crimes.

Article 7, Section 4 of the Indiana Constitution gives this Court authority in all criminal appeals "to review and revise the sentence imposed." Appellate Rule 7(B) permits revision of a sentence authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Appellate review is largely an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

Dennis argues that his sentences are inappropriate because his crime is not "the worst of the worst," "his character exhibits many admirable traits," and Holsinger received only eighty-five years for his crimes. Although we need not compare Dennis's sentence with Holsinger's, we note that Dennis's aggregate sentence is appropriately longer because Dennis led the group, which was seeking revenge for a perceived wrong to Dennis. The trial court carefully considered

the circumstances involved and imposed the maximum sentences on all counts. We revised the life without parole to a term of years because the two are the same in practical terms. We do not find the trial court's sentence to be inappropriate in view of the nature of Dennis's crimes and character.

## Conclusion

The sentence of life without parole for the murder of Shirley Newsom is vacated, and the case is remanded with instructions to impose a term of sixty-five years on that count to run consecutively to the sentences on the other counts. Dennis's sentences are otherwise affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.