ATTORNEY FOR APPELLANT
John Pinnow
Greenwood, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court

**FILED**
Mar 22 2010, 9:32 am

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 62S00-0809-CR-486

KYLE KIPLINGER,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Perry Circuit Court, No. 62C01-0608-MR-789
The Honorable Lucy Goffinet Judge

On Direct Appeal

**March 22, 2010**

**Sullivan, Justice.**

Defendant Kyle Kiplinger appeals his sentence of life in prison without possibility of parole imposed by the trial court after the jury failed to reach a unanimous sentencing recommendation. Because there is no jury finding of record that the State proved the charged aggravating circumstance beyond a reasonable doubt, the judge did not have authority under the Sixth

Amendment to impose a sentence of life without parole. We vacate the trial court's sentence and remand for resentencing.

## Background

The evidence supporting the verdicts in this case indicates that Defendant Kyle Kiplinger attended a party where he and others engaged in drinking and smoking marijuana. Darrick O'Brien and Bobbi Jo Braunecker were also in attendance. At the end of the night, Defendant and O'Brien were asked to take Braunecker home because she appeared intoxicated. The three left the apartment together at about 2:00 a.m. on August 17, 2006.

After leaving the apartment, O'Brien and Defendant drove Braunecker around and eventually drove her behind a flood wall in Tell City. O'Brien said he wanted to have sex with Braunecker and told Defendant to knock her unconscious. Defendant punched Braunecker in the head and started choking her; the two men then dragged her out of the vehicle and carried her down by the river. O'Brien pulled Braunecker's pants down and kicked her in the head several times. Defendant stated that O'Brien then had sex with Braunecker. O'Brien then struck her in the head several times with a 75 to 80 pound rock. The two left Braunecker's body in the river.

On August 18, a conservation officer recovered Braunecker's badly decomposed body from the Ohio River. Her pants were pulled down and she was not wearing a shirt. A medical examiner determined that Braunecker was murdered and that the cause of death was from multiple injuries sustained in a physical assault. Her body was too decomposed for a rape evaluation or to obtain DNA.

On August 20, the police arrested O'Brien and Defendant. The State charged Defendant with murder,[1] knowingly or intentionally killing Braunecker, and felony murder,[2] killing Braunecker while committing or attempting to commit rape. The State sought a sentence of life with-

---

[1] Ind. Code § 35-42-1-1(1).

[2] I.C. § 35-42-1-1(2).

2

out parole based on the qualifying aggravating circumstance that the Defendant intentionally killed Braunecker while committing or attempting to commit rape.[3]

The jury found Defendant guilty of murder and felony murder. The jury reconvened for a hearing on the State's request for a sentence of life without the possibility of parole. The trial court instructed the jury that before it could consider recommending a life without parole sentence, it must find that the State had proved beyond a reasonable doubt that Defendant intentionally killed Braunecker while committing or attempting to commit rape. The trial court also informed the jury that it would provide verdict forms as to each aggravating circumstance where there was unanimous agreement. The record is unclear as to whether the jury was in fact provided the special verdict form.

Following the sentencing hearing, the jury returned a special verdict form stating, "the State of Indiana has proven that the charged aggravating circumstance that exist [sic] outweigh any mitigating circumstances herein." (Appellant's App. 545.) The jury did not return a special verdict form finding the aggravating circumstance proved beyond a reasonable doubt; the jury was also unable to reach a unanimous decision regarding a sentencing recommendation. The trial court thereupon imposed a sentence of life without parole.

A sentence of life without the possibility of parole has been imposed under Indiana Code section 35-50-2-9; therefore, we have jurisdiction over this direct appeal pursuant to Indiana Appellate Rule 4(A)(1)(a).

---

[3] I.C. § 35-50-2-9(b)(1)(F).

## Discussion

## I

## A

The trial court imposed a sentence of life without the possibility of parole on Defendant after the jury was unable to reach a unanimous decision regarding a sentencing recommendation. The Sixth Amendment to the United States Constitution prohibits a judge from imposing a sentence of life without parole in such circumstances unless the jury has determined that each qualifying aggravating circumstance has been proven beyond a reasonable doubt. Bostick v. State, 773 N.E.2d 266, 273 (Ind. 2002) (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

Defendant contends that the jury did not make the requisite determination that the sole charged aggravating circumstance, intentionally killing while committing or attempting to commit rape, had been proven beyond a reasonable doubt. The State responds that the jury's findings were adequate for this purpose.

The record contains no specific written finding that the jury concluded beyond a reasonable doubt that Defendant intentionally killed Braunecker while committing or attempting to commit rape. Defendant bolsters his argument by pointing to language in the Indiana sentencing statute, Indiana Code section 35-50-2-9(d), that he says requires such findings to be in writing on a special verdict form:

> The court shall instruct the jury that, in order for the jury to recommend to the court that . . . life imprisonment without parole should be imposed, the jury must find at least one (1) aggravating circumstance beyond a reasonable doubt as described in subsection (k) and shall provide a special verdict form for each aggravating circumstance alleged.

The State responds that the jury determined that the State had proved the charged aggravating circumstance outweighed the mitigating circumstances on a "special verdict form." This

4

determination, the State maintains, was sufficient to demonstrate that the jury had found an aggravating circumstance beyond a reasonable doubt.

**B**

We have decided a number of cases where the jury unanimously recommended a sentence of life without parole (or death) without making an explicit finding that the State had proved a charged aggravating circumstance beyond a reasonable doubt. In such cases, we have held that a jury's guilt phase verdict established the existence of the requisite aggravating circumstances to meet the requirements of the Sixth Amendment enunciated in Apprendi. See, e.g., Clark v. State, 808 N.E.2d 1183, 1196 (Ind. 2004); Williams v. State, 793 N.E.2d 1019, 1028 (Ind. 2003); Brown v. State, 783 N.E.2d 1121, 1126 (Ind. 2003). But our decisions never turned on the argument the State makes here.

In Brown, for example, the jury did not explicitly find that the State had proved the charged aggravating circumstance beyond a reasonable doubt, yet the jury recommended that the defendant be sentenced to life without parole. 783 N.E.2d at 1126. The aggravating circumstance that made the defendant eligible for a sentence of life without parole was that he had committed multiple murders.[4] Id. We noted that the jury's verdict in the guilt phase, finding the defendant guilty of two murders, necessarily established that the jury had found beyond a reasonable doubt that the defendant had committed more than one murder. Id.

In contrast, the jury in this case was unable to reach a unanimous recommendation on the life sentence, and the jury's guilt phase verdicts do not necessarily establish that the aggravating circumstance was proved beyond a reasonable doubt. The jury found Defendant guilty of (1) knowing or intentional murder and (2) felony murder where rape or attempted rape was the predicate felony. The charging statement employed the disjunctive "or" – knowingly "or" intentionally – killed another human being. The jury could have rendered these guilty verdicts without finding that Defendant intentionally killed Braunecker while committing or attempting to

---

[4] I.C. § 35-50-2-9(b)(8).

5

commit rape. Thus, the guilt phase verdicts in this case do not establish the charged aggravating circumstance of an intentional killing while committing or attempting to commit rape.

The jury found that the State had proved the charged aggravating circumstance outweighed the mitigating circumstances. We acknowledge that it would be permissible to infer that the jury unanimously found the existence of the charged aggravating circumstance from this finding. We are unable, however, to infer that the jury found beyond a reasonable doubt that the State had proved the aggravating circumstance. The most plausible inference may well be that the jury did not unanimously find beyond a reasonable doubt that the State had proven that Defendant intentionally killed Braunecker while committing or attempting to commit rape. After all, the jury had been correctly instructed that if it did not unanimously find beyond a reasonable doubt that Defendant intentionally killed Braunecker while committing or attempting to commit rape, it must recommend against the life without parole sentence. The jury did not recommend a sentence of either life without parole or a term of years.

Following the sentencing hearing, the judge issued the following Judgment Order that reads in pertinent part:

> Due to the Jury's finding on July 15, 2008, that the State of Indiana had proven that the charged aggravating circumstance that existed outweighed any mitigating circumstances, to-wit: that Kyle S. Kiplinger killed another human being, to-wit: Bobbi Jo Braunecker, while committing or attempting to commit rape, the aggravating circumstances enumerated by the Court in the record at the Sentencing Hearing, and the Court's finding that the aggravating circumstances clearly and substantially outweigh the mitigating circumstances presented by Defense Counsel and found by the Court, the Court believes that a sentence in excess of the advisory sentence for Murder is justified in this cause.

(Appellant's App. 29.) The trial court sentenced the Defendant to life without parole.

Defendant's sentence to life without parole pursuant to Indiana Code section 35-50-2-9 was based on facts extending the sentence beyond the maximum authorized by the jury's verdict finding him guilty of murder.[5] The Sixth Amendment required the jury to find those facts to ex-

---

[5] I.C. § 35-50-2-3(a).

ist beyond a reasonable doubt. Ring v. Arizona, 536 U.S. 584, 609 (2002); Apprendi, 530 U.S. at 490. For the reasons set forth above, we conclude that the jury made no such finding. Nor did the jury's verdicts in the guilt phase necessarily establish that the jury found the aggravating circumstance beyond a reasonable doubt.

When a jury is unable to reach a unanimous decision as to the existence of an aggravating circumstance and the Sixth Amendment prohibits the trial judge from imposing a sentence of life without possibility of parole under subsection 9(f)[6] of the sentencing statute, a new penalty phase trial is required. State v. Barker, 809 N.E.2d 312, 316 (Ind. 2004) (citing Bostick, 773 N.E.2d at 273-74). We vacate the trial court's sentence of life without parole and remand for resentencing. If the State elects to dismiss its request for a life sentence, the trial court may resentence the defendant to a term of years as authorized by Indiana Code section 35-50-2-3(a). Otherwise, the trial court shall convene a new penalty phase jury and conduct further proceedings pursuant to Indiana Code section 35-50-2-9.

## II

Defendant makes two additional arguments. First, Defendant contends that the State did not present sufficient evidence to prove beyond a reasonable doubt that Defendant intentionally killed Braunecker while committing or attempting to commit rape. Specifically, he asserts that the evidence was insufficient to support the rape or attempted rape element of the felony murder charge and the rape or attempted rape component of the aggravating circumstance. In reviewing a sufficiency of the evidence claim, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we look to the evidence most favorable to the verdict and draw reasonable inferences therefrom. Id.

---

[6] Indiana Code section 35-50-2-9(f) provides: "If a jury is unable to agree on a sentence recommendation after reasonable deliberations, the court shall discharge the jury and proceed as if the hearing had been to the court alone."

The rape statute provides that a person commits rape when a person knowingly or intentionally has sexual intercourse with a member of the opposite sex by compelling the other person by force or imminent threat of force. I.C. § 35-42-4-1. Indiana Code section 35-41-5-1(a) provides that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the offense. Jackson v. State, 683 N.E.2d 560, 566 (Ind. 1997). And an offense is deemed committed when a person knowingly or intentionally aids, induces, or causes another person to commit that offense. I.C. § 35-41-2-4.

Here, the evidence reveals that Defendant knew that O'Brien wanted to have sex with Braunecker. The evidence also demonstrates that Defendant assisted O'Brien in his effort to overcome Braunecker so that O'Brien could have sex with her. Defendant hit, punched, and choked Braunecker. He helped O'Brien drag Braunecker out of the vehicle and watched O'Brien pull down her pants; Defendant stated that O'Brien had sex with Braunecker. In light of these facts, the jury could properly infer that Defendant's active participation went beyond mere preparation and that substantial steps were taken with a clear intent to commit or attempt to commit rape.

Second, Defendant maintains that the trial court's sentencing order did not comply with the special requirements for sentencing orders mandated by Harrison v. State, 644 N.E.2d 1243, 1262 (Ind. 1995), after remand, 659 N.E.2d 480 (Ind. 1995). We have observed that a Harrison-style order would be out of place under the current sentencing statute because the judge is required to follow the jury's sentencing recommendation. Pittman v. State, 885 N.E.2d 1246, 1254 (Ind. 2008). But we continue to require such an order when the judgment was entered on a guilty plea or after a bench trial, or when the court assumes control of sentencing after a jury is unable to agree on a recommendation after reasonable deliberation. Id. The sentence imposed in this case is vacated, so it is unnecessary to address the adequacy of the sentencing order.

## Conclusion

We vacate the trial court's sentence and remand this case for a new sentencing proceeding.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.