# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2016, 7:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stacy R. Uliana<br>Bargersville, Indiana | Gregory F. Zoeller<br>Attorney General<br><br>Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael S. Collins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 19, 2016<br><br>Court of Appeals Case No.<br>55A01-1510-CR-1661<br><br>Appeal from the Morgan Superior Court<br><br>The Honorable Jane Spencer Craney, Judge<br><br>Trial Court Cause No.<br>55D03-1412-FC-1929 |

**Pyle, Judge.**

# Statement of the Case

Michael S. Collins ("Collins") appeals his sentence for his Class C felony aiding, inducing, or causing forgery conviction[1] and his enhancement for being adjudicated an habitual offender.[2] On appeal, he argues that: (1) the trial court abused its discretion when it ordered an amount taken from his posted bond to pay for his public defender's fee because he did not agree to pay that fee in his plea agreement; and (2) his sentence was inappropriate under Indiana Appellate Rule 7(B) in light of the nature of his offense and his character. Because we conclude that Collins waived his objection to paying his public defender's fee by failing to object at his sentencing hearing and because his sentence was not inappropriate, we affirm.

We affirm.

# Issues

1. Whether the trial court abused its discretion when it ordered him to pay his public defender's fee.

2. Whether Collins' sentence was inappropriate under Appellate Rule 7(B).

---

[1] IND. CODE §§ 35-43-5-2(b)(1) and 35-41-2-4. We note that, effective July 1, 2014, the Indiana General Assembly amended this statute, and Collins' offense would now be considered a Level 6 felony. However, we will apply the version of the statute in effect at the time of his offense.

[2] I.C. § 35-50-2-8.

## Facts

Between May 16, 2014 and June 30, 2014, Collins was incarcerated in the Morgan County Jail for various charges, including possession of a handgun by a serious violent felon. This charge was based on Collins' criminal history and his possession of a pistol, which was located at the house of his girlfriend, Holly Boutwell ("Boutwell"). During Collins' incarceration, Boutwell decided to prepare a bill of sale for the pistol to make Collins' prosecutor think that she, rather than Collins, had owned the gun. Boutwell asked Collins to help her prepare this bill of sale. He assisted her by telling her what a bill of sale should look like, by writing a bill of sale, and sending it to her. Ultimately, Boutwell forged a bill of sale and gave it to Collins' attorney, who in turn gave it to the prosecutor in Collins' cause.

On December 22, 2014, the State charged Collins with Class C felony aiding, inducing or causing forgery and Class D felony aiding, inducing, or causing obstruction of justice. On January 13, 2015, the State added a charge alleging that Collins was an habitual offender based on two prior felony convictions. Subsequently, on May 18, 2015, Collins pled guilty to Class C felony aiding, inducing, or causing forgery with an open sentence. In exchange for Collins' guilty plea, the State dismissed his aiding, inducing, or causing obstruction of justice charge and his charges in three other causes. The plea agreement also specified that Collins would pay: "√ Fine: $1.00 Fine, Court Costs, and ( ) $ _____ Fee." (App. 89).

[5] At his sentencing hearing, thirty-three-year-old Collins admitted that he had been doing drugs in some "shape or form, including alcohol" since he was twelve years old. (Tr. 45). He claimed that his drug addiction was the reason for his criminal behavior, and he asked to be admitted to the purposeful incarceration program for substance abuse rehabilitation. He also testified that he had mental illnesses that he had dealt with for "quite some time." (Tr. 46).

[6] In mitigation of his offenses, Collins noted that he had completed several courses while in jail, including the twenty-hour "Realizations" substance abuse program; several courses with the Reformers Institutional Program, a religiously-based addiction program; a Discover Bible course; a Mothers Against Methamphetamine drug awareness and prevention program; and several months of study in a Bible correspondence school. However, he also admitted that he had received "numerous" write ups while in jail and that he had been written up the previous time he had been in the Department of Correction for trafficking drugs into the prison. (Tr. 63). Collins also acknowledged that he had not taken any steps on his own to address his addictions when he had been out of prison and that he had committed crimes while in prison. In addition to the instant offense, he had also previously been charged with threatening the prosecutor in one of his causes from prison.

[7] At the conclusion of the hearing, the trial court sentenced Collins to six (6) years for his aiding, inducing, or causing forgery conviction and enhanced that sentence by ten (10) years for his habitual offender adjudication. The court documented that Collins could enter the purposeful incarceration program and

said that it would consider a sentence modification if he completed the program successfully. In addition, the court noted that the trial court clerk still held $650 of Collins' bond money. It ordered Collins to pay $183 in court costs out of this amount, plus a $1 fine. The court then released "the $650 minus $183 all to [the] public defender" to cover the public defender's fees.[3] (Tr. 88). Collins did not object to the trial court's order. Collins now appeals.

# Decision

[8] On appeal, Collins argues that: (1) the trial court abused its discretion in ordering that $466 be deducted from his posted bond money to pay his public defender because he did not agree to that payment as part of his plea agreement; and (2) his sentence was inappropriate under Appellate Rule 7(B) in light of the nature of his offense and his character. We will address each of these arguments in turn.

## 1. Public Defender Fee

[9] First, Collins argues that the trial court abused its discretion when it ordered him to pay his public defender's fee because he did not agree to pay such a fee in his plea agreement. He notes that the plea agreement specified that he would pay court costs and a fine, but the box on the agreement for "fees" was not

---

[3] It is not clear whether the trial court intended Collins to also pay the $1 fine from his bond money.

checked. He asks us to interpret this omission as evidence that his agreement with the State did not include the payment of any fees.

[10] A plea agreement is a contract between the State and a defendant and is binding upon both parties and the trial court when accepted by the trial court. *Baker v. State*, 768 N.E.2d 477, 481 (Ind. Ct. App. 2002). Accordingly, once an agreement is accepted, the trial court is precluded from imposing any sentence other than that required by the plea agreement. *Sinn v. State*, 693 N.E.2d 78, 80 (Ind. Ct. App. 1998).

[11] However, we find it dispositive here that Collins did not object to the trial court's order at his sentencing hearing that the public defender fee should be subtracted from his posted bond money. As a general rule, a defendant's failure to object before the trial court results in waiver of that issue for purposes of appeal. *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006), t*rans. denied.* A contemporaneous objection allows the trial court the opportunity to make a final ruling on the matter. *Jones v. State*, 800 N.E.2d 624, 629 (Ind. Ct. App. 2003). Accordingly, we conclude that Collins has waived appellate review of his fee, and we will not address it.

## 2. Appellate Rule 7(B)

[12] Next, Collins asserts that his sentence was inappropriate under Indiana Appellate Rule 7(B) in light of the nature of his offense and his character. Under Appellate Rule 7(B), a reviewing court may revise a sentence if, after due consideration of the trial court's decision, it finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006). When determining whether a sentence is inappropriate, we look at the defendant's culpability, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Moss v. State*, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014). Although this Court is not required to use "great restraint" in evaluating a sentence under Appellate Rule 7(B), we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress,* 848 N.E.2d at 1080.

[13] Here, Collins was convicted of aiding, inducing, or causing forgery as a Class C felony and was adjudicated an habitual offender. At the time of Collins' offense, the sentencing range for a Class C felony was two (2) to eight (8) years, with an advisory sentence of four (4) years. I.C. § 35-50-2-6 (2013). The sentencing range for the habitual offender enhancement for his Class C felony, in this case, was from four (4) to twelve (12) years. I.C. § 35-50-2-8(h) (2013)

(providing that "[t]he court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense"). As the trial court sentenced Collins to six (6) years for the forgery conviction and ten (10) years for the habitual offender enhancement, he did not receive the maximum sentence for either conviction.

[14]    First, Collins contends that his sentence was inappropriate in light of the nature of his offense. Specifically, he asserts that it was inappropriate because his actions did not have any victims and because his co-defendant, Boutwell, who actually forged and presented the bill of sale to the prosecutor, was sentenced to only four years with two years suspended. As a result, Collins claims that the nature of his offense warranted a more lenient sentence. In addition, he notes that a month after he committed his offense, the Legislature amended the Indiana Criminal Code so that aiding, inducing, or causing forgery became a Level 6 felony, which had a sentencing range of one half (0.5) year to two-and-a-half (2.5) years rather than two (2) to eight (8) years. While he recognizes that this amendment did not apply retroactively to his case, he asserts that the drastic reduction in the penalty for offenses such as his demonstrated that the Legislature preferred reduced sentences for forgery.

[15]    Contrary to Collins' first argument, his assistance in creating a forged document was a serious crime. He assisted in creating the document in hopes that he would be acquitted of a pending felony charge—possession of a handgun by a serious violent felon. As the State notes, "[h]ad the forgery not been quickly

discovered, the 'victim' would have been the entire community, [which] would have been left subject to [Collins'] continual criminal offenses." (State's Br. 16). His willingness to assist in producing a forged document to use as false evidence in his trial also demonstrated his lack of respect for the legal system.

[16] Second, Collins argues that the nature of his offense was mitigating because Boutwell, who actually perpetrated the forgery, received a lesser sentence than he did. He cites her sentence as evidence that forgery is not a serious offense. However, as we concluded above, the nature of Collins' offense was serious, especially in light of his intent to produce false evidence. Further, we "need not compare" the sentences of two codefendants. *Dennis v. State*, 908 N.E.2d 209, 214 (Ind. 2009). While we do not have information regarding Boutwell's character or criminal history, Collins admits that his criminal history was "much worse" than Boutwell's. (Collins' Br. 9). Accordingly, even though Collins and Boutwell were co-defendants, their situations were not comparable for purposes of sentencing.

[17] With regard to Collins' third argument, that the Legislature's amendments indicated the Legislature's intent to decrease the sentences for forgery convictions, we note that the Legislature's amendments did not apply to him. Generally, the sentencing statutes in effect at the time a defendant commits an offense govern that defendant's sentence. *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014), *trans. denied.* In *Marley*, we addressed the issue of whether the 2014 criminal code amendments should affect sentencing for offenses committed prior to the effective date of the amendments and determined that

they should not. *Id.* Instead, we noted that the Legislature specifically provided in the amendments that "'[t]hose penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if [the new criminal code] had not been enacted.'" *Id.* (quoting I.C. §§ 1-1-5.5-21 and 1-1-5.5-22). Accordingly, we conclude that Collins' arguments regarding the nature of his offense are without merit.

[18] Next, Collins argues that his sentence was inappropriate in light of his character. He contends that, even though "there are aspects of his character that are aggravating in nature," there are also "positive aspects" of his character, such as the fact that he filed his own motions in this cause, that he had started to improve himself at the time of sentencing, and that he had entered into a plea agreement. (Collins Br. 10). We are not persuaded that these proffered "positive aspect" warrant a reduction in his sentence. (Collins Br. 10). As the trial court noted, Collins has a twenty-year criminal history, has violated the conditions of probation whenever he was supervised by the court, has failed to follow jail rules, and has committed additional crimes while in jail. He also has a history of drug abuse, drug trafficking while in jail, and failing to address his substance abuse when not incarcerated. This history demonstrates Collins' lack of respect for the legal system and his failure to take advantage of the past opportunities the trial court has afforded him. Accordingly, we conclude that his sentence is not inappropriate in light of the nature of his offense or his character.

[19]

Affirmed.

Kirsch, J., and Riley, J., concur.