ATTORNEY FOR APPELLANT
Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 04 2016, 11:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 45S00-1601-LW-32

ROBERT LEWIS, III,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake County Superior Court, No. 45G03-1104-MR-3
The Honorable Diane Ross Boswell, Judge

**October 4, 2016**

**Massa, Justice.**

Robert Lewis, III was convicted by a unanimous jury of murder, murder in the perpetration of criminal deviate conduct, criminal deviate conduct, and resisting law enforcement. The State sought a sentence of life without parole pursuant to Indiana Code section 35-50-2-9 (2008). In the penalty phase, the same jury was subsequently unable to reach a unanimous verdict as to whether the State had proven its charged aggravating circumstance. The trial court nonetheless sentenced Lewis to life imprisonment without the possibility of parole on the count of murder in the

perpetration of criminal deviate conduct, an additional three years' imprisonment for resisting law enforcement, and vacated the remaining counts. In a previous appeal, we affirmed the convictions in all respects, but remanded to the trial court for a revised sentencing order as to the judge's personal conclusion that life imprisonment was the appropriate sentence. Lewis v. State, 34 N.E.3d 240 (Ind. 2015). The trial court affirmed the sentence on remand, and Lewis again appeals, on grounds not previously raised, that imposition of a life sentence violated the Sixth Amendment because the sole aggravating factor supporting the sentence was not determined by the trier of fact beyond a reasonable doubt during the penalty phase. The State does not contest this previously-overlooked argument, and agrees that this Court should "reverse the sentence and, as it has done in the past, remand to the trial court to hold a new sentencing hearing and sentence Lewis to a term of years." State's Br. at 11.

We agree that our precedent requires that imposition of a sentence of life without parole was reversible error by the trial court under these circumstances. "When a jury is unable to reach a unanimous decision as to the existence of an aggravating circumstance and the Sixth Amendment prohibits the trial judge from imposing a sentence of life without possibility of parole under subsection 9(f) of the sentencing statute, a new penalty phase trial is required." Kiplinger v. State, 922 N.E.2d 1261, 1265–66 (Ind. 2010) (footnotes and internal citations omitted). In Kiplinger, it remained an open question whether the State would seek a new penalty phase trial in order to maintain its request for a life sentence, and thus remand to the trial court was the appropriate result. Id. Here, however, the State concedes it will no longer seek a sentence of life without the possibility of parole against Lewis, though it still requests remand for resentencing to a term of years. Lewis initially requested that this Court exercise its appellate authority to resentence him directly to a term of years, but withdrew that request in favor of remand in light of the State's concession. But given the length of the prison terms at issue in the absence of a life sentence, and that Lewis is already 43 years of age, we concur with Lewis's initial request, and in the interests of judicial economy exercise our appellate prerogative to resentence him to a term of years. See

Dennis v. State, 908 N.E.2d 209, 213 (Ind. 2009) (converting sentence of life without parole to a term of 65 years, resulting in total aggregate sentence of 190 years).[1]

Lewis was convicted of murder, murder in the perpetration of criminal deviate conduct, criminal deviate conduct as a Class A felony (since it resulted in serious bodily injury), and resisting law enforcement as a Class D felony. But we may not give sentences on all four of these counts without running afoul of the double jeopardy restrictions in the Indiana Constitution, as there is a reasonable possibility that the jury may have used the same evidentiary facts to convict Lewis of the essential elements of multiple of these charges. See Gross v. State, 769 N.E.2d 1136, 1139 (Ind. 2002), Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999). Accordingly, we revise Lewis's sentences to 65 years for murder, Indiana Code sections 35-42-1-1(1) (2008) and 35-50-2-3(a) (2008), 20 years for criminal deviate conduct as a Class B felony, Indiana Code sections 35-42-4-2(a) and 35-50-2-5, sustain his prior sentence of 3 years for resisting law enforcement, Indiana Code sections 35-44-3-3(b) and 35-50-2-7(a) and vacate his conviction for felony murder in the perpetration of criminal deviate conduct.[2] Moreover, given the depravity of these crimes (as detailed in our previous opinion, see Lewis, 34 N.E.3d at 242–45), we further order each of these terms to run consecutively, pursuant to Indiana Code section 35-50-1-2(c)

---

[1] The Court is fully aware that it rejected an identical argument in Lewis's first appeal, see Lewis v. State, 34 N.E.3d 240, 249 n.9 (Ind. 2015). But since this matter has already been remanded once, the trial judge expressed her personal belief on remand that a life sentence would be appropriate (Appellant's Br. at 15), *and* the sentence is being converted to a term of years, we believe the facts in the present appeal are now much more closely aligned with those in Dennis, warranting direct appellate resentencing.

[2] See Hulfachor v. State, 735 N.E.2d 214, 218 (Ind. 2000) ("[W]hen a defendant stands convicted of murder, felony murder, and an additional [underlying] felony, the felony murder should be vacated and the murder conviction should remain. To hold otherwise would permit a person who commits an intentional murder while committing another felony to use the felony murder rule to escape punishment for the underlying felony. This simply cannot be.") (quoting Fuller v. State, 639 N.E.2d 344, 347–48 (Ind. Ct. App. 1994)).

(2008), for a total term of 88 years.  We remand this matter to the trial court with instructions to impose these sentences, and for all other proceedings consistent with this opinion.

Rush, C.J., and Rucker, David, and Slaughter, JJ., concur.